■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH HARRIS, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: On appeal from his conviction of first degree rape, third degree rape, and three counts each of first degree sodomy and third degree sodomy, defendant contends that the court erroneously precluded him from cross-examining the complainant concerning whether she had made prior false claims of rape, and that the

court admitted impermissible hearsay and bolstering testimony. Those claims were raised by defendant on a prior appeal on which we reversed his conviction and granted a new trial because of that court's erroneous evidentiary rulings *(People v Harris,* 132 AD2d 940, 941). We agree with defendant's contention that the court disregarded our prior decision and thus erred in concluding that inquiry into complainant's allegedly false claims of rape was proscribed by CPL 60.42. Such evidence does not come within the proscriptive scope of CPL 60.42 and its admissibility rests within the discretion of the trial court *(People v Mandel,* 48 NY2d 952, *cert denied and appeal dismissed* 446 US 949, *reh denied* 448 US 908; *People v Harris, supra).* The People argue that the court properly exercised its discretion in precluding this inquiry. We conclude that it was an abuse of discretion to prohibit inquiry into the complainant's prior rape complaints. Defendant offered sufficient proof, in the form of complainant's conflicting statements to hospital personnel and to the prosecutor, to demonstrate a good-faith basis for inquiring whether the previous rape complaints were in fact false *(cf., People v Mandel, supra; People v Lippert,* 138 AD2d 770, 771).

With respect to defendant's bolstering argument, we conclude that the testimony of the treating physician relating the victim's statements concerning the attack was properly admitted. Such statements were relevant to diagnosis and treatment, as the doctor testified. Moreover, the testimony of the complainant and the investigating officer concerning her statements constituted admissible evidence of prompt complaint *(see,* Richardson, Evidence § 292 [Prince 10th ed]). (Appeal from judgment of Supreme Court, Monroe County, Doyle, J.— rape, first degree, and other charges.) Present—Dillon, P. J., Denman, Green, Pine and Balio, JJ.