■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHADE SCOTT, Appellant.—Judgment unanimously affirmed. Memorandum: The prosecutor's delay in turning over a police report of fingerprint analysis by a prosecution witness did not substantially prejudice the defense and does not warrant reversal *(see, People v Ranghelle,* 69 NY2d 56; *People v Jackson,* 154 AD2d 930, *lv denied* 74 NY2d 949). The court granted a defense request to keep the witness available for recall, but the defense opted to call the witness three trial days later as part of the defense case. Defense counsel had the report in ample time to examine the witness.

The trial court properly denied defense counsel's request for a statement claimed to be exculpatory in nature *(see, Brady v Maryland,* 373 US 83). Upon inquiry by the court, defendant failed to demonstrate " 'some basis' " for believing that the material was "potentially exculpatory" *(People v Andre W.,* 44 NY2d 179, 184).

The prosecutor's references, during his opening statement, to the victim's tortured childhood constituted an improper attempt to arouse the jury's sympathy, and his reference, during summation, to the characteristics of crack use went beyond the four corners of the evidence. The court, however, gave a strong curative instruction concerning the summation comment, and the prosecutor's misconduct was not so pervasive or egregious as to deprive defendant of a fair trial *(see, People v Rosemond,* 126 AD2d 962, *lv denied* 69 NY2d 886; *People v Roopchand,* 107 AD2d 35, *affd* 65 NY2d 837).

Any error in admitting defendant's weight bar was harmless in light of the overwhelming proof of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 242). Defendant's claim of evidentiary insufficiency is devoid of merit. The remaining issues raised on appeal were not preserved for our review *(see,* CPL 470.05 [2]), and we decline to exercise our discretionary power of review. (Appeal from judgment of Niagara County Court, Hannigan, J.—murder, second degree.) Present—Callahan, J. P., Denman, Green, Balio and Lowery, JJ.