■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLAN HENDERSON, Appellant. [623 NYS2d 677] —Judgment unanimously affirmed. Memorandum: Defendant contends that his absence from the *Sandoval* hearing conducted during his first trial deprived him of the right to be present at a material stage of trial. The record shows that defendant was not present during his first trial's *Sandoval* hearing. Defendant's conviction following that trial was reversed on other grounds *(People v Henderson,* 162 AD2d 1038). Upon retrial, County Court informed counsel that all of its rulings at the first trial would apply at the second trial. Because no objection

was made to the court's failure to conduct a de novo *Sandoval* hearing, any error in that regard has not been preserved for review *(see,* CPL 470.05 [2]; *People v Garcia,* 195 AD2d 1023, *lv denied* 82 NY2d 895).

Defendant also contends that the court erred in refusing his request to apply the court's *Sandoval* ruling to the People's cross-examination of a defense witness. Although the court should have granted that request *(see, People v Fardan,* 82 NY2d 638, 646), we conclude that defendant suffered no prejudice because the prosecutor never cross-examined that witness regarding defendant's prior conviction *(see generally, People v Garcia,* 179 AD2d 1047, 1049). In any event, that error is harmless because the evidence against defendant is overwhelming and there is no significant probability that the error affected the verdict *(see, People v Crimmins,* 36 NY2d 230, 242; *People v Julien,* 182 AD2d 642, 643, *lv denied* 80 NY2d 833). (Appeal from Judgment of Monroe County Court, Maloy, J.— Murder, 2nd Degree.) Present—Denman, P. J., Pine, Lawton, Doerr and Davis, JJ.