THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JANET DENNEE, Appellant. [738 NYS2d 146] —Appeal from a judgment of Lewis County Court (Merrell, J.), entered December 4, 1998, convicting defendant after a jury trial of, inter alia, unlawful imprisonment in the second degree (84 counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her following a jury trial of 84 counts of unlawful imprisonment in the second degree (Penal Law § 135.05), four counts of unlawful imprisonment in the first degree (Penal Law § 135.10), two counts of assault in the second degree (Penal Law § 120.05 [2]) and one count of assault in the third degree (Penal Law § 120.00 [1]). Defendant was sentenced to an aggregate term of incarceration of 6 to 12 years. We reject defendant's contention that reversal is required based on the failure of the prosecutor to describe each element of the crimes charged in the opening statement. The prosecutor stated the nature of the charges and the facts that he expected to prove in support of them and thus his opening statement was adequate (*see, People v Kurtz,* 51

NY2d 380, 384, *cert denied* 451 US 911). Also contrary to defendant's contention, County Court properly allowed the treating physician of the victims to testify concerning their descriptions to him of the manner in which they were injured. Those descriptions were germane to the physician's treatment of the victims and therefore admissible (*see, People v Thomas,* 282 AD2d 827, 828, *lv denied* 96 NY2d 925).

Defendant's contention that the evidence is legally insufficient to support the conviction is without merit (*see generally, People v Bleakley,* 69 NY2d 490, 495). The victims testified that they were tied up nightly over a three-month period, and they described the manner in which they were restrained and the bodily injuries they sustained as a result. In addition, the treating physician described the victims' injuries. Thus, the evidence is legally sufficient with respect to the unlawful imprisonment counts. The evidence also is legally sufficient with respect to the assault counts, based upon the evidence that defendant struck one victim on the head with the metal end of a cane, repeatedly struck the head of another victim with her fist, and dragged one of the victims down the stairs by her hair.

The sentence is neither unduly harsh nor severe. We have reviewed defendant's remaining contentions and conclude that they are without merit. Present—Green, J.P., Pine, Kehoe and Gorski, JJ.