THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDY SCHENK, Appellant. [741 NYS2d 474] —Appeal from a judgment of Ontario County Court (Henry, Jr., J.), entered September 15, 2000, convicting defendant after a jury trial of sexual abuse in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed and the matter is remitted to Ontario County Court for resentencing.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of sexual abuse in the first degree (Penal Law § 130.65 [1]). We reject defendant's contention that the evidence is legally insufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495). The element of sexual gratification "may be inferred from [defendant's] conduct itself" (*People v Anthony D.*, 259 AD2d 1011,1011, *lv denied* 93 NY2d 1001). Defendant has failed to preserve for our review his contentions that County Court erred in instructing potential jurors during voir dire and erred in denying his

request to charge sexual abuse in the third degree (§ 130.55) as a lesser included offense of sexual abuse in the first degree (*see* CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* 470.15 [6] [a]).

We reject defendant's further contention that the sentence is unduly harsh or severe. Although not raised by defendant, we note that there is a discrepancy between the sentencing minutes and the "corrected" certificate of conviction. The sentencing minutes fail to provide for a period of post-release supervision, while the "corrected" certificate of conviction provides for a three-year period of post-release supervision. Here, the period of post-release supervision may range from 1½ to 3 years (*see* Penal Law § 70.45 [2]). We therefore modify the judgment by vacating the sentence, and we remit the matter to Ontario County Court for resentencing (*see People v Freeney,* 291 AD2d 913; *People v Sinkler,* 288 AD2d 844; *People v Shand,* 280 AD2d 943, *lv denied* 96 NY2d 834). Present—Pigott, Jr., P.J., Hurlbutt, Kehoe, Burns and Gorski, JJ.