■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WHITE, Appellant. [760 NYS2d 916] —Appeal from a judgment of Supreme Court, Erie County (Tills, J.), entered May 19, 2000, convicting defendant after a jury trial of rape in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of two counts of rape in the first degree (Penal Law § 130.35 [3]) and one count each of sexual abuse in the first degree (§ 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that Supreme Court erred in admitting the medical records of the victim containing her statements concerning the incidents and the testimony of a pediatrician and a nurse who reported what the victim had said about the incidents. Contrary to defendant's contention, those medical records and that testimony did not impermissibly bolster the victim's testimony. A patient's statements made to medical personnel that are relevant to diagnosis and treatment are admissible as an exception to the hearsay rule (*see People v Dennee,* 291 AD2d 888, 889 [2002], *lv denied* 98 NY2d 650 [2002]) and do not constitute impermissible bolstering (*see People v Harris,* 151 AD2d 981 [1989], *lv denied* 74 NY2d 810 [1989]). The sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.