■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHIANTI WILLIAMS, Appellant. [787 NYS2d 770]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered March 6, 2002. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the third degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of two counts of criminal mischief in the third degree (Penal Law former § 145.05), defendant contends that Supreme Court erred in denying his request for a missing witness charge. We reject that contention. A request for a missing witness charge is properly denied where, as here, the party requesting the charge does not establish that the witness could have been expected to testify concerning a material issue (*see generally People v Macana*, 84 NY2d 173, 177 [1994]). We also reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct. The comments of the prosecutor in her closing concerning a brick allegedly used in the commission of the crime constituted fair commentary (*see People v Anderson*, 274 AD2d 974 [2000], *lv denied* 95 NY2d 863 [2000]). The prosecutor's comments regarding "clothes-switching" by defendant were conclusions fairly inferable from the evidence (*cf. People v Ashwal*, 39 NY2d 105, 110 [1976]). Any prejudice resulting from the other statements of the prosecutor to which defendant raised objections was alleviated by curative instructions (*see People v Carter*, 280 AD2d 977, 977-978 [2001], *lv denied* 96 NY2d 860 [2001]). We decline to exercise our power to review the unpreserved instances of alleged misconduct as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

We conclude that the court properly denied defendant's motion to suppress the identification testimony of two witnesses. The circumstances involving the respective showup identifications by the witnesses were not unduly suggestive (*see People v Smith*, 289 AD2d 1056, 1057 [2001], *lv denied* 98 NY2d 641 [2002]), and, moreover, the identifications occurred in "close geographic and temporal proximity to the crime" (*People v Ortiz*, 90 NY2d 533, 537 [1997]). We further conclude that the court properly denied the motion of defendant to suppress a statement and responsive gesture made by him to law enforcement officials. In denying defendant's motion, the court credited the testimony of a police officer and a peace officer. Such credibility determinations will not be disturbed where, as here, they are not "clearly erroneous" (*People v Evans*, 278 AD2d 937, 937 [2000], *lv denied* 96 NY2d 783 [2001] [internal quotation marks omitted]; *see generally People v Prochilo*, 41 NY2d 759, 761 [1977]). Present—Green, J.P., Pine, Hurlbutt, Martoche and Smith, JJ.