The People of the State of New York, Respondent, v Mark Bridgeland, Appellant. [796 NYS2d 768]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered October 18, 2002. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, sexual abuse in the second degree (three counts), endangering the welfare of a child, felony driving while intoxicated and aggravated unlicensed operation of a motor vehicle in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing those parts convicting defendant of three counts of sexual abuse in the second degree and one count of sexual abuse in the first degree and as modified the judgment is affirmed and a new trial is granted on counts one through four of the indictment.

Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, three counts of sexual abuse in the second degree (Penal Law § 130.60 [2]) and one count each of sexual abuse in the first degree (§ 130.65 [1]) and endangering the welfare of a child (§ 260.10 [1]), defendant contends that

County Court erred in precluding him from examining and cross-examining certain witnesses with respect to a previous allegedly false allegation of sexual abuse made by the 11-year-old complainant. We agree.

In this case, the credibility of the complainant was critical, and the credibility of the complainant was impeached with evidence that she had possibly made prior false allegations of abuse. For example, there was testimony at trial that the complainant once alleged that a foster parent threw her down the stairs, but the complaint was dismissed after investigators concluded that the incident never occurred. Additionally, the complainant's credibility could have been subject to extensive further impeachment based on defendant's offer of proof that the complainant had previously made an allegation of sexual abuse against another man but subsequently recanted that allegation to three individuals, i.e., her mother, her grandmother and a psychologist. The court, however, precluded any questioning concerning the prior allegation of sexual abuse. We note at the outset that defendant has failed to address the admissibility of the complainant's statements to the grandmother on this appeal and thus has abandoned his contention with respect to the court's preclusion of questioning concerning those statements (*see People v Jones,* 2 AD3d 1397, 1399 [2003], *lv denied* 2 NY3d 742 [2004]; *see generally Ciesinski v Town of Aurora,* 202 AD2d 984 [1994]).

Questioning concerning prior false allegations of rape or sexual abuse is not always precluded (*see* CPL 60.42; *People v Mandel,* 48 NY2d 952, 953-954 [1979], *appeal dismissed and cert denied* 446 US 949, [1980] *reh denied* 448 US 908 [1980]; *People v Harris,* 132 AD2d 940, 941 [1987], *appeal following reversal and new trial* 151 AD2d 981, 982 [1989], *lv denied* 74 NY2d 810 [1989]), and the determination whether to allow such questioning "rests within the discretion of the trial court" (*Harris,* 132 AD2d at 941, 151 AD2d at 982; *see People v Sprague,* 200 AD2d 867, 868 [1994], *lv denied* 83 NY2d 877 [1994]). The court precluded questioning concerning the statements to the mother and the psychologist based in part on the court's determination that defendant failed to establish that the prior allegation was in fact false. We conclude that the court thereby abused its discretion. Here, the complainant's conflicting statements established a good faith "basis for the allegation that the prior complaint was false" (*People v Gozdalski,* 239 AD2d 896, 897 [1997], *lv denied* 90 NY2d 858 [1997]; *see Harris,* 151 AD2d at 982), and defendant established that the allegation "*may* have been false" (*People v Badine,* 301 AD2d 178, 180 [2002]

[emphasis added]; *see generally Mandel*, 48 NY2d at 953). Additionally, we conclude that defendant established that "the particulars of the complaints, the circumstances or manner of the alleged assaults or the currency of the complaints were such as to suggest a pattern casting substantial doubt on the validity of the charges made by the [complainant]" (*Mandel*, 48 NY2d at 953). Indeed, it appears that the motive of the complainant for making the instant allegations attributed to the complainant by the investigating officer in his initial report is strikingly similar to the complainant's motive in making the prior allegation.

With respect to the complainant's statements to the psychologist, the court precluded any examination concerning those statements to the psychologist on the additional ground that those statements were privileged under CPLR 4504 and 4507. Inasmuch as defendant does not contend that the privilege was waived, the statements to the psychologist are not admissible unless the statutory privilege is overcome. We conclude that, under the facts of this case, the statutory privilege must yield to defendant's constitutional right of confrontation.

In *Davis v Alaska* (415 US 308, 315 [1974]), the United States Supreme Court wrote that "[t]he Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.' " The right of confrontation "provides two types of protections for a criminal defendant: the right physically to face those who testify against him [or her], and the right to conduct cross-examination" (*Pennsylvania v Ritchie*, 480 US 39, 51 [1987]). "[E]xposure of a witness'[s] motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination" (*Davis*, 415 US at 316-317). In *Davis*, the main witness for the prosecution was a young man who was on probation for a burglary he committed as a juvenile, and a state statute precluded questioning with respect to juvenile adjudications. A safe stolen from a bank was found on the witness's property, but the witness alleged that he had seen the defendant near the safe. At trial the defendant was precluded from questioning the witness with respect to his prior record. That questioning not only would have impeached the witness's testimony, but it would also have established the possible motive or bias of the witness (*see generally id.* at 310-314). Thus, there was tension between the statutory rights of the witness and the constitutional rights of the defendant and, in reversing the judgment of conviction, the United States Supreme Court held that "[t]he State's policy interest in protecting the

confidentiality of a juvenile offender's record cannot require yielding of so vital a constitutional right as the effective cross-examination for bias of an adverse witness" (*id.* at 320).

Such tension exists in this case between the statutory privilege of the complainant and the constitutional right of confrontation of defendant. The physician-patient privilege, like the psychologist-patient privilege, did not exist at common law and is "entirely a creature of statute" (*Dillenbeck v Hess*, 73 NY2d 278, 283 [1989]; *see* CPLR 4504, 4507), and we conclude that the policy interest underlying the statutory privilege must yield to defendant's constitutional right of confrontation (*see Davis*, 415 US at 320; *State v Hembd*, 305 Minn 120, 232 NW2d 872 [1975]). In *Hembd*, the Supreme Court of Minnesota held that a state's evidentiary and privilege rules are "subordinate to the constitutional right of confrontation implicit in the right of cross-examination" (305 Minn at 124, 232 NW2d at 874). Because the entire theory of the defense in *Hembd* was based on evidence supported by the complainant's medical records, the Court ruled that the complainant's rights were trumped by the defendant's constitutional rights (*see* 305 Minn at 126-127, 232 NW2d at 876).

Here, defendant alleged that the complainant fabricated the allegations supporting counts one and three of the indictment. Counts two and four of the indictment are based on allegations that defendant "pok[ed]" the complainant in the buttocks and gave her a "titty twister." Defendant does not deny that he engaged in the physical contact underlying counts two and four, but he contends that those incidents occurred when he and the complainant were "horseplaying" and were not committed for the purpose of sexual gratification.

We conclude that the complainant's credibility was crucial to this case because, if the jury credited the complainant on the facts underlying counts one and three, then the jury would have been entitled to infer that the physical contact underlying counts two and four was also for the purpose of sexual gratification (*see People v Graves*, 8 AD3d 1045 [2004], *lv denied* 3 NY3d 674 [2004]; *People v Schenk*, 294 AD2d 914 [2002], *lv denied* 98 NY2d 702 [2002]). If the jury did not credit the complainant on counts one and three, however, then the converse is true, i.e., it is possible that the jury would not have inferred that the physical contact underlying counts two and four was for the purpose of sexual gratification.

We therefore conclude that those parts of the judgment convicting defendant of three counts of sexual abuse in the second degree (counts one, two and four) and one count of sexual

abuse in the first degree (count three) must be reversed and that defendant must be granted a new trial on those counts of the indictment. We note that the basis for our reversal with respect to the counts of sexual abuse in the first and second degrees does not apply with respect to the conviction of endangering the welfare of a child. Unlike the crimes of sexual abuse in the first and second degrees, the crime of endangering the welfare of a child does not require evidence of sexual gratification. Rather, it requires evidence that defendant engaged in conduct that was "injurious to the physical, mental or moral welfare of a child less than seventeen years old" (Penal Law § 260.10 [1]), and there was undisputed evidence of such conduct herein.

Contrary to defendant's further contentions, we conclude that, based on the evidence adduced at the trial, the conviction of the three counts of sexual abuse in the second degree is supported by legally sufficient evidence and the verdict with respect to sexual abuse in the first degree is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Thus, dismissal of those counts is not warranted. Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.