■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY L. BUCHHOLZ, Appellant. [805 NYS2d 763]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered June 24, 2003. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child, sexual abuse in the first degree (two counts) and sexual abuse in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, course of sexual conduct against a child in the first degree (Penal Law § 130.75) with respect to his nine-year-old daughter, and sexual abuse in the first degree (§ 130.65 [1]) with respect to his daughter's friend. Contrary to defendant's contention, the verdict is not against the weight of the evidence. Defendant's daughter testified with respect to instances in which defendant engaged in intercourse and oral sex with her. That testimony was corroborated by the

daughter's friend, who observed the conduct on two occasions. In addition, a physician testified with respect to the physical condition of the daughter's hymen and the presence of lesions in the vaginal area from herpes simplex one, a virus that is passed through oral mucus. The daughter's friend also testified with respect to the sexual acts committed by defendant against her. The jury was entitled to credit the testimony of the victims and the physician over that of defendant denying culpability with respect to both victims, and we conclude on the record before us that a different result would have been unreasonable, thus obviating the need to "weigh the relative probative force of conflicting testimony" (*People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the contention of defendant, County Court properly precluded him from presenting the testimony of a psychologist who treated his daughter. Defendant failed to present a sufficient factual predicate to overcome the psychologist/patient privilege (*see* CPLR 4507; *cf. People v Bridgeland*, 19 AD3d 1122, 1124-1125 [2005]; *see generally People v Gissendanner*, 48 NY2d 543, 550 [1979]). The court also properly determined that defendant was not entitled to disclosure of the reports of a psychiatrist who examined his daughter. The court conducted an in camera review of the reports and afforded defense counsel the opportunity to question the psychiatrist before determining that discovery of the reports was not necessary to protect defendant's right of confrontation (*see People v Bush*, 14 AD3d 804, 805 [2005]; *People v Stroman*, 286 AD2d 974, 977 [2001], *lv denied* 97 NY2d 688 [2001]; *cf. Bridgeland*, 19 AD3d at 1124-1125). We agree with the court that defendant could not waive his daughter's privilege in order to benefit himself (*see generally Matter of Grand Jury Proceedings [Doe]*, 56 NY2d 348, 352-353 [1982]).

Contrary to the further contention of defendant, the court properly denied his request to remove a juror on the ground that the juror allegedly was grossly unqualified (*see* CPL 270.35 [1]). The juror discovered during the testimony of defendant's daughter that the juror's daughter and defendant's daughter were in the same class at school. Although the juror expressed some concern about the situation, he advised the court in unequivocal terms that he would consider all the evidence and render a fair and impartial verdict. Thus, the court properly refused to disqualify the juror (*see generally People v Buford*, 69 NY2d 290, 298-299 [1987]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Gorski, JJ.