■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE F. MURRY, Appellant. [805 NYS2d 911]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered August 20, 2003. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]) and petit larceny (§ 155.25). Contrary to defendant's contentions, the verdict is not against the weight of the evidence and the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We reject defendant's further contention that the showup identification procedure was unduly suggestive. The record establishes that the showup was conducted in geographic and temporal proximity to the crimes (*see People v Ortiz*, 90 NY2d 533, 537 [1997]; *see also People v Lapp*, 258 AD2d 926, 927 [1999], *lv denied* 93 NY2d 1021 [1999]), and "prompt showup identifications by witnesses following a defendant's ar-

rest at or near the crime scene have been generally allowed and have never been categorically or presumptively condemned" (*People v Duuvon*, 77 NY2d 541, 544 [1991]).

Also contrary to the contention of defendant, he was not prejudiced by alleged prosecutorial misconduct during the prosecutor's opening and closing statements (*see generally People v Ashwal*, 39 NY2d 105, 109-110 [1976]). In any event, we note that County Court issued prompt curative instructions and thus alleviated any possible prejudice to defendant (*see People v Williams*, 13 AD3d 1173 [2004], *lv denied* 4 NY3d 892; *People v Scott*, 163 AD2d 855 [1990], *lv denied* 76 NY2d 944 [1990]). Defendant failed to preserve for our review his further contention that the prosecutor's opening statement was legally insufficient (*see* CPL 470.05 [2]) and, in any event, defendant's contention is without merit (*see People v Dennee*, 291 AD2d 888 [2002], *lv denied* 98 NY2d 650 [2002]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Smith and Lawton, JJ.