■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN A. THOMAS, Appellant. [812 NYS2d 201]—

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered August 30, 2004. The judgment convicted defendant, after a nonjury trial, of course of sexual conduct against a child in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a nonjury trial of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

To establish that defendant committed the crime of course of sexual conduct against a child in the first degree, the People

had to present evidence establishing that, over the course of at least three months, defendant engaged in two acts of sexual conduct with a child who was less than 11 years old (Penal Law § 130.75 [1] [a]). To establish that defendant committed the crime of endangering the welfare of a child, the People had to present evidence establishing that defendant "knowingly acted in a manner likely to be injurious to the physical, mental or moral welfare of a child less than [17] years old" (§ 260.10 [1]). Here, the People presented evidence establishing that, between September 1, 2001 and December 1, 2001, defendant engaged in both oral and vaginal sexual contact with a four-year-old child. The victim provided unsworn testimony that defendant, the live-in boyfriend of her mother, put his penis in her mouth "[o]nce" and into her "private" more than once while her mother was at work and her brother was outside playing. Defendant's access to the victim during the timing of the sexual activity was corroborated by the victim's mother and brother, and the People presented medical evidence establishing that the victim was repeatedly sexually abused. Although defendant presented evidence that he did not have access to the victim during the relevant time period and that he was not residing at the victim's home nor was he babysitting for the victim during the period from September 1, 2001 through December 1, 2001, County Court, as the factfinder, was entitled to credit the evidence presented by the People over that presented by defendant (*see generally People v Buchholz*, 23 AD3d 1093, 1094 [2005]).

The court expressly found, inter alia, that the "verbal, tonal and general demeanor of [the victim] during her testimony made her compelling as describing the alleged sexual interaction between her and the defendant," and the court found most compelling the fact that the victim described in her own words the nature of the sexual contacts between the victim and the person she "clearly identified as the defendant." The court, as the factfinder, had the "advantage of observing the witnesses and, necessarily, [was] in a superior position to judge veracity than an appellate court, which reviews but the printed record" (*People v Shedrick*, 104 AD2d 263, 274 [1984], *affd* 66 NY2d 1015 [1985], *rearg denied* 67 NY2d 758 [1986]). It cannot be said herein that the testimony presented by the People was incredible as a matter of law (*see generally id.*), nor can it be said that the court's findings are "manifestly erroneous or so plainly unjustified by the evidence that the interests of justice necessitate their nullification" (*People v Garafolo*, 44 AD2d 86, 88 [1974]).

Finally, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147

[1981]). Present—Pigott, Jr., P.J., Hurlbutt, Scudder, Gorski and Green, JJ.