◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRE TERRY, Appellant. [834 NYS2d 885]—Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered December 1, 2003. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (three counts), reckless endangerment in the first degree (three counts) and criminal possession of a weapon in the second degree (four counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of assault in the second degree (Penal Law § 120.05 [2]) and various other crimes arising out of his involvement in three separate shootings. Defendant contends that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence. Defendant preserved his contention concerning the legal sufficiency of the evidence only insofar as he alleges that there is no evidence of physical injury to support his conviction of assault in the second degree (*see People v Gray*, 86 NY2d

10, 19 [1995]). We conclude that the evidence is legally sufficient to support the conviction of assault in the second degree (*see People v Snyder*, 294 AD2d 381 [2002], *lv denied* 98 NY2d 702 [2002]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the further contention of defendant, he was not denied effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Defendant's statements to the police were properly received in evidence as party admissions (*see* Prince, Richardson on Evidence § 8-203 [Farrell 11th ed]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Martoche, Smith, Fahey and Green, JJ.