# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1240**

**KA 10-01983**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JAMISON EMANUEL, DEFENDANT-APPELLANT.

---

ROBERT TUCKER, PALMYRA, FOR DEFENDANT-APPELLANT.

RICHARD M. HEALY, DISTRICT ATTORNEY, LYONS (DAVID V. SHAW OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Wayne County Court (John B. Nesbitt, J.), rendered May 20, 2010. The judgment convicted defendant, upon a nonjury verdict, of assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of assault in the second degree (Penal Law § 120.05 [7]). We reject defendant's contention that the evidence adduced at trial that the victim sustained a physical injury is legally insufficient to support the conviction. Viewed in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621), the evidence established that defendant punched the victim in the face, causing him to fall down, lose consciousness, suffer a seizure, and sustain lacerations to his face and the back of his head. The evidence also established that the victim, defendant's fellow inmate, required immediate treatment at the emergency room to clean and close his wounds and that he remained in the jail's medical unit for at least two days before returning to his housing pod. We thus conclude that the evidence is legally sufficient to establish that the victim sustained a physical injury (*see People v Terry*, 38 AD3d 1255, *lv denied* 9 NY3d 852; *People v Wooden*, 275 AD2d 935, 936, *lv denied* 96 NY2d 740). In addition, viewing the evidence in light of the elements of the crime in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that County Court erred in admitting in evidence certain hearsay statements in the history portion of the victim's hospital records. Defendant failed to object to the admission of the hospital records in evidence and thus failed to

preserve his contention for our review (*see* CPL 470.05 [2]; *People v Anderson*, 184 AD2d 1005, 1006, *lv denied* 80 NY2d 926). In any event, the statements in the hospital records were properly admitted both because they related to diagnosis and treatment and thus were "admissible as an exception to the hearsay rule" (*People v White*, 306 AD2d 886, *lv denied* 100 NY2d 625; *see People v Dennee*, 291 AD2d 888, 889, *lv denied* 98 NY2d 650; *see generally People v Ortega*, 15 NY3d 610, 617), and because they had the requisite indicia of reliability (*see generally People v Brensic*, 70 NY2d 9, 14, *mot to amend remittitur granted* 70 NY2d 722).

Entered: November 10, 2011                    Patricia L. Morgan
                                              Clerk of the Court