THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD J. LARKINS, Appellant. [62 NYS3d 648]—

Appeal from a judgment of the Cayuga County Court (Mark H. Fandrich, A.J.), rendered April 21, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts), criminal use of a firearm in the first degree (two counts), criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, three counts of robbery in the first degree (Penal Law § 160.15 [2], [3], [4]). The charges arose from an armed robbery of a Best Western hotel in Weedsport, Cayuga County. Defendant was convicted of the charges in 2011, but this Court reversed the judgment based on an improper *Molineux* ruling and granted a new trial (*People v Larkins*, 108 AD3d 1210 [2013], *lv denied* 23 NY3d 1022 [2014]). Defendant was convicted of the same charges after the new trial.

Defendant contends that County Court abused its discretion in its *Sandoval* ruling. That contention is not preserved for our review (*see* CPL 470.05 [2]). The court ruled that its *Sandoval* determination from the first trial would apply at the second

trial, and defendant did not object to that ruling (*see People v Henderson*, 212 AD2d 1031, 1031-1032 [1995], *lv denied* 86 NY2d 736 [1995]; *see also People v Combo*, 291 AD2d 887, 887 [2002], *lv denied* 98 NY2d 650 [2002]). In any event, we conclude that the court properly balanced the appropriate factors and did not abuse its discretion in permitting defendant to be cross-examined about certain of his prior convictions, allowing a *Sandoval* compromise regarding several other prior convictions, and precluding any questioning regarding defendant's remaining prior convictions (*see generally People v Hayes*, 97 NY2d 203, 207-208 [2002]).

Contrary to defendant's contention, we conclude that the evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). In particular, we note with respect to the counts concerning criminal possession of a weapon that, although there is no direct evidence that defendant possessed a loaded weapon in Cayuga County, there is a "valid line of reasoning and permissible inferences [that] could lead a rational person to the conclusion reached by the [factfinder] on the basis of the [circumstantial] evidence at trial" (*People v Williams*, 84 NY2d 925, 926 [1994]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Contrary to defendant's further contention, the showup identification procedure was not unduly suggestive, and thus the court properly denied his motion to suppress the evidence concerning it. Although showup procedures are generally disfavored (*see People v Ortiz*, 90 NY2d 533, 537 [1997]), they are permitted where, as here, they are " 'conducted in close geographic and temporal proximity to the crime[,] and the procedure used was not unduly suggestive' " (*People v Woodard*, 83 AD3d 1440, 1441 [2011], *lv denied* 17 NY3d 803 [2011], quoting *People v Brisco*, 99 NY2d 596, 597 [2003]).

We reject defendant's contention that the court erred in denying, without a hearing, that part of his omnibus motion seeking to suppress evidence seized from his vehicle and his person on the ground that the police improperly stopped the vehicle. It is well settled that a request to suppress evidence obtained as the result of an allegedly unlawful search and seizure may be denied without a hearing where the defendant does not allege a proper legal basis for suppression or if the "sworn allegations

of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]; *see People v Mendoza*, 82 NY2d 415, 421 [1993]). "Hearings are not automatic or generally available for the asking by boilerplate allegations. Rather, . . . factual sufficiency [is to] be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (*Mendoza*, 82 NY2d at 422). Here, taking into account the information available to defendant, we conclude that his "papers fail to set forth sworn allegations of fact supporting the motion . . . Thus, defendant was not entitled to a hearing" (*People v Smythe*, 210 AD2d 887, 887 [1994], *lv denied* 85 NY2d 943 [1995]; *see People v King*, 137 AD3d 1572, 1573 [2016], *lv denied* 27 NY3d 1134 [2016]; *People v Battle*, 109 AD3d 1155, 1157 [2013], *lv denied* 22 NY3d 1038 [2013]).

Defendant further contends that defense "counsel was ineffective in failing to more vigorously pursue the suppression issue." We reject that contention. Defendant has not shown that defense counsel was able to make a more detailed suppression motion, or that such a motion "if made, would have been successful," and thus he has not "establish[ed] that defense counsel was ineffective in failing to make such a motion" (*People v Borcyk*, 60 AD3d 1489, 1490 [2009], *lv denied* 12 NY3d 923 [2009]; *see People v Thomas*, 79 AD3d 1809, 1809 [2010], *lv denied* 16 NY3d 900 [2011]). Defendant's contention that the court lulled him into a false sense that there was no need to make a more detailed motion is "raised for the first time in defendant's reply brief and thus is not properly before us" (*People v Jones*, 300 AD2d 1119, 1120 [2002], *lv denied* 2 NY3d 801 [2004]; *see People v Daigler*, 148 AD3d 1685, 1686 [2017]; *People v Harris*, 129 AD3d 1522, 1525 [2015], *lv denied* 27 NY3d 998 [2016]).

Defendant contends that the court erred in its *Molineux* ruling by permitting the prosecutor to introduce evidence that he recently had committed another crime in a different county. We reject that contention. The evidence at issue, i.e., testimony from two New York State Thruway toll collectors that they heard a police bulletin concerning defendant's car, does not establish that defendant recently had committed another crime. Furthermore, even if we assume for the sake of argument that the jury could infer from the police bulletin that defendant recently had committed another crime, it is well settled that evidence of uncharged crimes is admissible where, as here, excluding the evidence "would have placed a mystery before the jury" (*People v Barnes*, 57 AD3d 289, 290 [2008], *lv denied* 12 NY3d 781 [2009]; *see People v Morris*, 21 NY3d 588, 599

[2013]), i.e., why Thruway Authority personnel took particular notice of defendant's vehicle as it exited and then reentered the Thruway and why they notified the State Police that they had observed it. Thus, the evidence was properly admitted because it was inextricably interwoven with the charged crimes, provided necessary background information, and completed the narrative of the two witnesses (*see People v Tarver*, 2 AD3d 968, 969 [2003]; *see also People v Molyneaux*, 49 AD3d 1220, 1221 [2008], *lv denied* 10 NY3d 937 [2008]), and the probative value of the evidence outweighed its potential for prejudice (*see generally People v Alvino*, 71 NY2d 233, 242 [1987]). In addition, the court gave prompt limiting instructions concerning the jury's use of the evidence at issue (*see Morris*, 21 NY3d at 598; *People v Matthews*, 142 AD3d 1354, 1355-1356 [2016], *lv denied* 28 NY3d 1125 [2016]; *People v Jackson*, 100 AD3d 1258, 1261 [2012], *lv denied* 21 NY3d 1005 [2013], *denied reconsideration* 21 NY3d 1043 [2013]).

We reject defendant's further contention that the People violated the court's *Molineux* ruling by asking a New York State Trooper during redirect examination a question indicating that the bulletin the toll collectors described concerned an incident in Onondaga County. There was no prejudice from the mention of the name of the county from which the bulletin emanated and, even assuming, arguendo, that "defendant was prejudiced at all, [we conclude that] such prejudice was minimal" (*People v Rivers*, 18 NY3d 222, 226 [2011]; *cf. People v Crider*, 301 AD2d 612, 614 [2003]).

Defendant further contends that he was denied a fair trial by two instances of alleged prosecutorial misconduct. Defendant's contention concerning an allegedly improper comment made by the prosecutor during cross-examination is not preserved for our review inasmuch as defense counsel "fail[ed] to request any further relief after the court sustained his objection" to the comment (*People v Reyes*, 34 AD3d 331, 331 [2006], *lv denied* 8 NY3d 884 [2007]; *see People v Meacham*, 151 AD3d 1666, 1667 [2017]; *see also People v Goodson*, 144 AD3d 1515, 1516 [2016], *lv denied* 29 NY3d 949 [2017]). In addition, defendant made only "an untimely specific objection" after the prosecutor's summation ended (*People v Miller*, 59 AD3d 463, 464 [2009], *lv denied* 12 NY3d 856 [2009]), and thus he also failed to preserve for our review his contention that the prosecutor committed a second act of misconduct by making an improper comment during summation. In any event, even if the two comments at issue exceeded the bounds of proper advocacy and thus constituted misconduct, we conclude that

the "misconduct was not so pervasive or egregious as to deprive defendant of a fair trial" (*People v Scott*, 163 AD2d 855, 855 [1990], *lv denied* 76 NY2d 944 [1990], *denied upon reconsideration* 77 NY2d 843 [1991]; *see People v Layton*, 16 AD3d 978, 979-980 [2005], *lv denied* 5 NY3d 765 [2005]). Moreover, "the court sustained defendant's objections to the improper comments and instructed the jury to disregard them, and the jury is presumed to have followed the court's instructions" (*People v Page*, 105 AD3d 1380, 1382 [2013], *lv denied* 23 NY3d 1023 [2014]; *see Scott*, 163 AD2d at 855).

We reject defendant's contention that the court abused its discretion in adjudicating him a persistent felony offender, and, although we may "substitute our own discretion for that of ·a trial court which has not abused its discretion in the imposition of a sentence" (*People v Smart* [appeal No. 2], 100 AD3d 1473, 1475 [2012], *affd* 23 NY3d 213 [2014] [internal quotation marks omitted]; *see People v Johnson*, 136 AD3d 1417, 1418 [2016], *lv denied* 27 NY3d 1134 [2016]), we conclude that the sentence is not unduly harsh or severe. Present—Smith, J.P., DeJoseph, Curran, Troutman and Winslow, JJ.