People v Strong (2018 NY Slip Op 06639)





People v Strong


2018 NY Slip Op 06639


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


894 KA 15-00618

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RALPH D. STRONG, JR., DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Joanne M. Winslow, J.), rendered September 2, 2014. The judgment convicted defendant, upon a jury verdict, of murder in the first degree (two counts), attempted aggravated murder, aggravated assault upon a police officer or a peace officer, assault in the second degree and reckless endangerment. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the sentences imposed on counts one and two shall run concurrently with respect to each other, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of, inter alia, two counts of murder in the first degree (Penal Law § 125.27 [1] [a] [viii]; [b]) and one count of assault in the second degree (§ 120.05 [2]). Contrary to defendant's contention, the conviction of assault in the second degree is supported by legally sufficient evidence (see generally People v Hernandez, 82 NY2d 309, 311-318 [1993]; People v Jones, 289 AD2d 163, 163 [1st Dept 2001], lv denied 97 NY2d 756 [2002]). Contrary to defendant's further contention, Supreme Court did not err in permitting the People to introduce evidence that he possessed a gun on a prior occasion because such evidence was "inextricably interwoven with the charged crimes, provided necessary background information, and completed the narrative of [a key prosecution] witness[]" (People v Larkins, 153 AD3d 1584, 1587 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]).
Viewing defense counsel's representation in totality and as of the time of the representation, we conclude that defendant received meaningful representation (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Contrary to defendant's contention, defense counsel " was not ineffective for failing to raise a justification defense that would have been weak, at best, and which might have undermined [the] stronger defense' " that counsel did pursue (People v Perez, 123 AD3d 592, 593 [1st Dept 2014], lv denied 25 NY3d 1169 [2015]). Defendant's reliance on McCoy v Louisiana (— US &mdash, 138 S Ct 1500 [2018]) is misplaced because defense counsel did not concede defendant's guilt on the most serious charges.
As the People correctly concede, the sentences imposed on the convictions of murder in the first degree must run concurrently with each other (see People v Rosas, 8 NY3d 493, 495 [2007]). We therefore modify the judgment accordingly. We have considered defendant's remaining contentions and conclude that none warrant any further relief.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court