People v Bell (2021 NY Slip Op 00713)





People v Bell


2021 NY Slip Op 00713


Decided on February 5, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


796 KA 15-01725

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RASHEEN W. BELL, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (KATHLEEN P. REARDON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered July 22, 2015. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon the same jury verdict, of conspiracy in the second degree (§ 105.15). In appeal No. 3, defendant appeals, by leave of a Justice of this Court, from an order denying his motion pursuant to CPL article 440 to vacate the foregoing judgments, without a hearing. We affirm in each appeal.
Viewing the evidence independently and in light of the elements of the crime of murder in the second degree as charged to the jury (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]), we reject defendant's contention in appeal No. 1 that the verdict convicting him of that crime is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Contrary to defendant's contention in appeal No. 2, the conviction of conspiracy in the second degree is supported by legally sufficient evidence (see generally People v Caban, 5 NY3d 143, 149 [2005]; Bleakley, 69 NY2d at 495), and the verdict on that crime is not against the weight of the evidence when viewed independently and in light of the elements as charged to the jury (see generally Danielson, 9 NY3d at 348-349; People v Gonzalez, 174 AD3d 1542, 1544-1545 [4th Dept 2019]). Contrary to defendant's further assertion, the conspiracy conviction cannot be against the weight of the evidence as to the affirmative defense of renunciation because Supreme Court never submitted that affirmative defense to the jury (see People v Simpson, 173 AD3d 1617, 1618 [4th Dept 2019], lv denied 34 NY3d 954 [2019]; People v Mahon, 160 AD3d 563, 563 [1st Dept 2018], lv denied 31 NY3d 1119 [2018]).
Defendant further argues in appeal Nos. 1 and 2 that defense counsel was ineffective for failing to craft a successful motion to challenge the jury panel on the ground that it was not "selected at random from a fair cross-section of the community in [Monroe County]" (Judiciary Law § 500). To the extent reviewable on direct appeal, defendant's contention is unavailing because he has not "establish[ed] that a successful motion [on that ground] could have been made under these circumstances" (Simpson, 173 AD3d at 1620; see People v Larkins, 153 AD3d 1584, 1586 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]).
In appeal No. 3, defendant initially contends that defense counsel was ineffective for implicitly abandoning his motion for a Cardona hearing (see People v Cardona, 41 NY2d 333 [1977]) with respect to a jailhouse informant. We reject that contention. The trial testimony [*2]demonstrated that the informant relayed defendant's murder confession to the Monroe County District Attorney's office on the informant's own accord, without any prior involvement of or encouragement from law enforcement. The informant was therefore not a government agent when defendant confessed to murder, notwithstanding the informant's " 'self-interest in obtaining better treatment from the government' " when he first approached the District Attorney's office (People v Newbeck, 157 AD3d 908, 909 [2d Dept 2018], lv denied 31 NY3d 985 [2018]). Moreover, although defendant made additional inculpatory statements to the informant after the latter had become a government agent, those later statements were not subject to suppression under Cardona because they related to a new crime, i.e., conspiracy (see People v Bongarzone, 69 NY2d 892, 895 [1987]). Thus, because the facts and the law were unfavorable to the motion for a Cardona hearing, defense counsel's implicit abandonment of that motion "cannot be deemed ineffective" (People v Pabon, 173 AD3d 1847, 1848 [4th Dept 2019], lv denied 34 NY3d 953 [2019]; see People v Bradford, 118 AD3d 1254, 1255-1256 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]).
Defendant next contends in appeal No. 3 that defense counsel was ineffective for failing to supply the defense psychiatrist with sufficient documents about defendant's mental health history. That contention is without merit because, as the psychiatrist explained in a letter to defense counsel, any psychiatric defense was logically precluded by defendant's insistence that he had nothing to do with the murder. Thus, defense counsel was not ineffective in failing to supply the expert with further documents that, under the circumstances, would have made no difference in the case (see People v Henderson, 27 NY3d 509, 514 [2016]; People v Pavone, 26 NY3d 629, 647 [2015]; People v Nemelc, 161 AD3d 615, 617 [1st Dept 2018], lv denied 32 NY3d 939 [2018]).
Defendant finally contends in appeal No. 3 that defense counsel failed to adequately advise him about the strength of the People's case and the benefits of a plea bargain. According to defendant's affidavit in support of his motion, he would have accepted a plea bargain with proper counseling. Defendant's characterization of his willingness to plead guilty, however, was "made solely by [him] and [was] unsupported by any other affidavit or evidence" (CPL 440.30 [4] [d]) and, given his repeated and strident refusals on the record to contemplate any plea bargaining, "there is no reasonable possibility that such allegation is true" (id.). The court thus properly denied defendant's motion to vacate on that ground.
Entered: February 5, 2021
Mark W. Bennett
Clerk of the Court