People v Andrews (2022 NY Slip Op 06366)

People v Andrews

2022 NY Slip Op 06366

Decided on November 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., NEMOYER, WINSLOW, BANNISTER, AND MONTOUR, JJ.

777 KA 18-00892

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARQUIS D. ANDREWS, DEFENDANT-APPELLANT. 

D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY S. OAKES, DISTRICT ATTORNEY, OSWEGO (AMY L. HALLENBECK OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oswego County Court (Donald E. Todd, J.), rendered October 30, 2017. The judgment convicted defendant upon a jury verdict of sexual abuse in the first degree (two counts) and sexual abuse in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of sexual abuse in the first degree (Penal Law § 130.65 [1], [4]) and two counts of sexual abuse in the second degree (§ 130.60 [2]). Defendant failed to preserve for our review his contentions that the indictment was duplicitous (see People v Allen, 24 NY3d 441, 449-450 [2014]; People v Riley, 182 AD3d 1017, 1017 [4th Dept 2020], lv denied 35 NY3d 1069 [2020]) and that the indictment, as amplified by the bill of particulars, was insufficiently specific (see generally People v Waldron, 162 AD2d 485, 486 [2d Dept 1990]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice.
To the extent defendant has preserved the issue for our review (see generally People v Gray, 86 NY2d 10, 19 [1995]; People v Ferguson, 177 AD3d 1247, 1248 [4th Dept 2019]) and viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support his conviction (see People v Bleakley, 69 NY2d 490, 495 [1987]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we likewise reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495; People v Goodson, 144 AD3d 1515, 1515 [4th Dept 2016], lv denied 29 NY3d 949 [2017]).
We agree with defendant, however, that County Court erred in precluding him from calling a witness who would testify that the complainant offered to make a false allegation of abuse against the witness's boyfriend. "Questioning concerning prior false allegations of rape or sexual abuse is not always precluded . . . , and the determination whether to allow such questioning rests within the discretion of the trial court" (People v Bridgeland, 19 AD3d 1122, 1123 [4th Dept 2005] [internal quotation marks omitted]). Evidence of a complainant's prior false allegations of rape or sexual abuse is admissible to impeach the complainant's credibility where a "defendant establishe[s] that the [prior] allegation may have been false[, and] . . . that the particulars of the complaints, the circumstances or manner of the alleged assaults, or the currency of the complaints were such as to suggest a pattern casting substantial doubt on the validity of the charges made by the complainant" (People v Diaz, 85 AD3d 1047, 1050 [2d Dept 2011], affd 20 NY3d 569 [2013] [internal quotation marks omitted]; see People v Halmond, 52 AD3d 1278, 1278-1279 [4th Dept 2008], lv denied 11 NY3d 737 [2008]). Here, based on the proffer made at trial, defendant's proposed witness would have testified that the complainant offered to [*2]knowingly make a false allegation against the witness's boyfriend and that this conduct took place around the same time as the first incident alleged against defendant and just months before the second such incident. Further, per defense counsel's proffer, the nature and circumstances of the allegations against defendant and the offered allegation against the witness's boyfriend were sufficiently similar to "suggest a pattern casting substantial doubt on the validity of the charges" (Diaz, 20 NY3d at 576).
At trial, the evidence against defendant was not overwhelming, the conviction rested largely—if not entirely—on the testimony of the complainant, and the proposed witness precluded by the court was the sole witness defendant sought to call. Under these circumstances, we conclude that the court abused its discretion in precluding the defendant from calling that witness (see Bridgeland, 19 AD3d at 1123), that the error was not harmless, and that a new trial must be granted (see Diaz, 20 NY3d at 576).
In light of our determination, we do not reach defendant's remaining contentions.
Entered: November 10, 2022
Ann Dillon Flynn
Clerk of the Court