OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed and the conviction of each defendant reinstated.
The Criminal Procedure Law was amended by chapter 230 of the Laws of 1975, effective September 1, 1975, by the addition of a new section 60.42 which significantly restricts the admissibility of evidence of the victim’s sexual conduct in sex offense cases. We agree with the unanimous conclusion of the Appellate Division that the new section was applicable in this case in which the trial was commenced on October 21, 1975, after the effective date of the section, although the criminal transaction on which the indictment was based occurred on April 4, 1975, prior to the effective date, and that as so applied, the section is constitutional, for the reasons stated in the opinion of Mr. Justice Frank D. O’Connor at the Appellate Division (61 AD2d 563).
We further agree with the Appellate Division that it cannot be concluded as a matter of law that the proof offered in this instance with respect to prior sexual conduct on the part of the victim or evidence to show her reluctance to permit her sexual partners to touch her breasts was such as to entitle defendants to the introduction of such evidence under CPL 60.42 (subd 5).
Similarly, we concur with all the members of the panel at the Appellate Division that certain determinations made by the trial court in excluding other items of proof tendered on behalf of defendants are not to be set aside as erroneous as a matter of law. The proffered evidence so rejected includes proof of prior alleged false rape complaints made by the victim. There was no sufficient proof offered that the complaints were indeed false and no showing was made that the particulars of the complaints, the circumstances or manner of the alleged assaults or the currency of the complaints were such as to suggest a pattern casting substantial doubt on the validity of the charges made by the victim in this instance or were such as otherwise to indicate a significant probative relation to such charges. Also to be so included are the *954 tendered, so-called "Swinger” photograph of the victim (as to which considerable oral testimony was admitted), proof as to the victim’s prior vaginal condition and evidence of alleged prior beatings of the victim by her father. While none of these items comes within the proscriptive scope of CPL 60.42, in no instance can it be said that there was an abuse of the discretion vested in the trial court as to the conduct of cross-examination for purposes of impeachment.
We differ with the majority at the Appellate Division as to its determination that it was error to have excluded the records of South Oaks Hospital where the victim was confined for treatment of mental illness from April 11 to May 22, 1972. Again we note that the trial court did allow considerable freedom as to the admission of testimony as to the mental condition of the victim. The condition and treatment with respect to which the hospital records were sought to be introduced, however, were not such as to compel a conclusion of substantial materiality in this case. No expert testimony was tendered of any such medical or psychological relatedness. Accordingly, we hold that it was not an abuse of discretion as a matter of law to have excluded the evidence tendered. Nor do we find in the prosecutor’s related comment in summation any ground for reversal of defendant’s convictions.
There was no protest at trial concerning the prosecutor’s cross-examination of alibi witnesses as to their failure to appear at the office of the District Attorney or objection made to the associated comment in the prosecutor’s summation (cf. People v Hamlin, 58 AD2d 631). Accordingly, these asserted errors were not preserved for our review. We have examined the other contentions advanced by defendants in support of the reversal of their convictions and find them to be without merit.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
Order reversed and the judgments of Supreme Court, Queens County, reinstated in a memorandum.