■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONOVAN CASTELL, Appellant.—Judgment, Supreme Court, Bronx County (Frank Diaz, J.), rendered March 27, 1990, convicting defendant, after a jury trial, of Rape in the First Degree and sentencing him to an indeterminate prison term of from 8-⅓ to 25 years, unanimously affirmed.

On August 18, 1988, at 12:30 P.M., the defendant approached the complainant as she waited at a bus stop in front of the Motor Vehicle Bureau in the Bronx. After persuading the complaint to accept a ride in his car, the defendant raped her and left her by the side of the road. Medical tests performed soon thereafter gave indications of recent sexual intercourse, but were inconclusive as to the nature and extent of any force used.

In November 1988, complainant saw defendant on the street as she waited to enter a theater. The police were notified and defendant was arrested. Upon his arrest, defendant said that he never saw complainant before. At trial, defendant testified that he had met complainant several weeks before the August 18, 1988 incident, that she consented to have sexual relations with him on August 18, 1988, and after an argument she said that she would "get him."

While defendant asserts that his guilt of rape in the first degree was not proven beyond a reasonable doubt, a review of the evidence in the light most favorable to the People *(People v Contes,* 60 NY2d 620) demonstrates that defendant forcibly compelled the complainant to have sexual intercourse with him. *(See,* Penal Law § 130.35 [1].)

Defendant claims that it was improper for the trial court to redact complainant's prior sexual history from her medical records. Defendant specifically consented to this redaction at trial and has thus waived this claim. Further, it is clear that the redaction was necessary, as a rape victim's prior sexual history is not admissible to discredit a victim by inferences of immorality. *(See,* CPL 60.42; *and see, People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949.)

Defendant's assertion that he was denied effective assistance of trial counsel is belied by the record. Defendant has failed to demonstrate an "absence of strategic or other legitimate explanations" for trial counsel's conduct *(People v Rivera,* 71 NY2d 705, 709). Indeed, the record reveals that trial counsel afforded defendant meaningful representation.

We have considered defendant's other claims, preserved and unpreserved, and find them to be meritless. Concur—Milonas, J. P., Kupferman, Asch, Kassal and Smith, JJ.