■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD C. SPRAGUE, Appellant. [606 NYS2d 815] —Cardona, P. J. Appeal from a judgment of the County Court of Saratoga County (Williams, J.), rendered January 3, 1992, upon a verdict convicting defendant of the crimes of rape in the

second degree (four counts) and sexual abuse in the second degree.

Defendant contends that County Court committed error when it ruled, following defendant's offer of proof in the jury's absence, that the child victim could not be cross-examined with regard to prior false accusations of sexual abuse allegedly made against other persons.

Initially, we note that "in *People v Mandel* (48 NY2d 952, *cert denied, appeal dismissed* 446 US 949) the Court of Appeals held that evidence of a victim's prior complaint of a sex crime does not come within the proscriptive scope of CPL 60.42; therefore, its 'admissibility rests within the discretion of the trial court' *(People v Harris,* 132 AD2d 940, 941, *lv denied* 74 NY2d 810)" *(People v Hamel,* 174 AD2d 837). In his offer of proof defendant presented evidence from the victim that she had given a statement to the police which she subsequently recanted, in part, alleging that her mother's boyfriend had touched her on the breasts and vaginal area. Although the victim acknowledged under questioning by defense counsel that the allegations against her mother's boyfriend were not "altogether true" and that "a lot of it wasn't true", upon examination by the People the victim testified that the boyfriend had in fact touched her on the breasts but not her vaginal area. A confession given by the boyfriend, which was introduced solely as part of the offer of proof, supported the victim's allegations in this regard.

While a portion of the victim's statement against her mother's boyfriend was untrue, it is clear from the evidence that the underlying claim of sexual abuse against the boyfriend had a basis in fact and therefore its falsity was not sufficiently proven *(see, People v Mandel, supra,* at 953). Defendant also failed to adduce proof that claims of sex abuse made by the victim against other persons were false or suggestive of a pattern that cast doubt on the validity of, or bore a significant probative relation to, the instant charges *(see, supra).* In light of the evidence presented, County Court did not abuse its discretion by restricting cross-examination of the victim *(see, People v Lippert,* 138 AD2d 770, 771).

Mercure, Casey, Weiss and Yesawich Jr., JJ., concur. Ordered that the judgment is affirmed.