■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINDELL GRANT, Appellant. [659 NYS2d 474] —Judgment, Supreme Court, Bronx County (Frank Torres, J.), rendered March 6, 1996, convicting defendant, after a jury trial, of sexual abuse in the first degree and endangering the welfare of a child, and sentencing him, as a second felony offender, to concurrent prison terms of 3½ to 7 years and 1 year, respectively, unanimously affirmed.

The court properly precluded inquiry into alleged incidents of nonconsensual sex experienced by the complainant (CPL

60.42 [5]). There was no evidence that these incidents provided the complainant with knowledge of the sexual activities involved in this case, and, in any event, the complainant's knowledge of sexual matters, or lack thereof, was not at issue. There was also a lack of proof that any of these incidents constituted false allegations (*People v Mandel*, 48 NY2d 952, *cert denied* 446 US 949), and the court properly exercised its discretion when it prohibited a trial within a trial of their truth or falsity (*cf., People v Robinson*, 68 NY2d 541, 550). The court responded appropriately to defense counsel's attempts to circumvent the court's preclusion ruling.

Expert testimony concerning child sexual abuse syndrome was properly admitted since it was relevant and helpful to the jury's understanding of child abuse victims, a subject not within the ken of the average juror (*People v Cintron*, 75 NY2d 249, 267). The evidence was not offered to show that the assault took place (*People v Taylor*, 75 NY2d 277, 293), but was relevant to explain the victim's delayed disclosure, reluctance to testify and inability to remember minor details of the incident.

Improper arguments by the prosecutor on summation were not part of an "obdurate pattern of inflammatory remarks" (*People v Ortiz*, 116 AD2d 531, 532) and any prejudice was cured by the court's instruction addressed specifically to the improper references. The jury is presumed to have followed the court's instruction (*People v Berg*, 59 NY2d 294, 299-300). The remainder of the challenged portions of the prosecutor's summation were proper responses to the defense summation.

The challenged testimony as to events immediately preceding the incident of sexual abuse, which included defendant's request of his daughter to bring him a "reefer" in his bedroom, did not result in any prejudice to defendant and does not warrant reversal. Concur—Sullivan, J. P., Rosenberger, Wallach and Tom, JJ.