■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD R. SHERMAN, Appellant. [672 NYS2d 266] —White, J. Appeal from a judgment of the County Court of Madison County (O'Brien, III, J.), rendered July 29, 1996, upon a verdict convicting defendant of the crime of sodomy in the second degree.

We affirm defendant's conviction of the crime of sodomy in the second degree perpetrated against his 12-year-old stepdaughter. County Court did not err in refusing to allow defendant to cross-examine the victim regarding allegations of sexual abuse she made against her biological father as there was no showing that the allegations were false (*see, People v Mandel,* 48 NY2d 952, 953, *appeal dismissed, cert denied* 446 US 949; *People v Sprague,* 200 AD2d 867, *lv denied* 83 NY2d 877). Inasmuch as the victim's lack of consent resulted solely from her age, her sworn testimony did not have to be corroborated (*see,* Penal Law § 130.16; *see also, People v Hudy,* 73 NY2d 40, 48; *People v Bolden,* 194 AD2d 834, 835, *lv denied* 82 NY2d 714). County Court acted well within its discretion in not submitting the count of endangering the welfare of a child to the jury since it was a noninclusory concurrent count (*see,* CPL 300.30 [4]; 300.40 [3]; *see also, People v Abair,* 134 AD2d 743, 746, *lv denied* 70 NY2d 1003). In any event, defendant's argument on this point was not preserved for our review (*see,* CPL 300.50, 470.05 [2]). Lastly, upon the exercise of our factual review powers we are satisfied that the verdict is not against the weight of the evidence since the victim's testimony that defendant sodomized her and defendant's denial merely created a credibility issue for the jury's resolution (*see, People v Roe,* 235 AD2d 950, 952, *lv denied* 89 NY2d 1099; *People v Corbett,* 208 AD2d 1059).

Cardona, P. J., Mikoll, Crew III and Carpinello, JJ., concur. Ordered that the judgment is affirmed.