years to life on the first-degree burglary conviction and 10 years to life on each of the remaining convictions, unanimously affirmed.

Defendant's claim that the People failed to prove beyond a reasonable doubt that he caused physical injury to the complainant is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that there was ample subjective and objective evidence of physical injury (*see, People v Spry*, 232 AD2d 232, *lv denied* 89 NY2d 930). Moreover, the verdict was not against the weight of the evidence.

The court properly exercised its discretion in denying defendant's application for an adverse inference charge regarding a destroyed 911 tape. Defendant did not request the tape until more than a month after his arrest, and by that time it had already been destroyed by the Police Department in the course of routine procedure upon the expiration of the standard 90-day period following the underlying incident. Since there was no bad faith or lack of diligence on behalf of the People, or prejudice to defendant, no sanction was required (*People v Hyde*, 172 AD2d 305, *lv denied* 78 NY2d 1077). Concur—Williams, J. P., Rubin, Mazzarelli, Andrias and Buckley, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Appellant. [690 NYS2d 197] —Judgment, Supreme Court, Bronx County (Joseph Fisch, J.), rendered December 5, 1995, convicting defendant, after a jury trial, of two counts of sexual abuse in the first degree, and sentencing him to consecutive terms of 2⅓ to 7 years, unanimously affirmed.

Defendant's various challenges to the introduction of prior consistent statements by the complainant are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find no prejudice to defendant, since he relied heavily on most of the statements in question to attack the reliability of the complainant's testimony (*see, People v Richards*, 184 AD2d 222, *lv denied* 80 NY2d 1029), and the remaining statements were stricken with proper curative instructions, after which defendant requested no further relief.

The court properly exercised its discretion in permitting expert testimony regarding child sexual abuse syndrome to explain matters beyond the ken of the typical juror, including reactions and behavior of children as a result of sexual abuse (*People v Grant*, 241 AD2d 340, *lv denied* 90 NY2d 1011). Con-

trary to defendant's current claims, each of the subject matters of the expert testimony was properly elicited in response to issues raised by the defense (see, *People v Taylor*, 75 NY2d 277).

Defendant's additional claims of error are unpreserved and we decline to review them in the interest of justice. Were we to review them, we would find no basis for reversal. Concur— Williams, J. P., Rubin, Mazzarelli, Andrias and Buckley, JJ.