■ The People of the State of New York, Respondent, v Christopher Gifford, Appellant. [720 NYS2d 876] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in admitting evidence concerning the procedures used in administering a voice stress test to defendant. Defendant challenged the voluntariness of the statement that he made to police after the test was administered, and thus that evidence was admissible (*see, People v Tarsia*, 50 NY2d 1, 8-9; *see generally, People v Deskovic*, 201 AD2d 579, 580, *lv denied* 83 NY2d 1003). Although we agree with defendant that the results of that test should not have been admitted (*see, People v Hughes*, 88 AD2d 17, 20, *affd* 59 NY2d 523), we conclude that the court's curative instructions rendered the error harmless (*see generally, People v Hopkins*, 86 AD2d 937, 940, *affd* 58 NY2d 1079).

We reject the further contention of defendant that the court abused its discretion in prohibiting defendant from cross-examining the victim concerning an alleged prior false accusation of sexual misconduct. Defendant was required to demonstrate both that the prior accusation was "indeed false" and that the prior accusation was "such as to suggest a pattern casting substantial doubt on the validity of the charges made by the victim in this instance" (*People v Mandel*, 48 NY2d 952, 953, *appeal dismissed and cert denied* 446 US 949, *reh denied* 448 US 908). Defendant failed to make the requisite showing. (Appeal from Judgment of Monroe County Court, Marks, J.—Attempted Rape, 1st Degree.) Present—Pigott, Jr., P. J., Pine, Hurlbutt, Kehoe and Lawton, JJ.