■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEAN C. O'MALLEY, Appellant. [723 NYS2d 270] —Rose, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered May 21, 1996, upon a verdict convicting defendant of the crimes of sodomy in the second degree and endangering the welfare of a child (two counts).

On appeal, defendant initially contends that he was denied meaningful representation by his counsel's failure to object to a question posed by the prosecutor to a potential juror during jury selection. Defense counsel, however, questioned the potential juror in turn regarding the prosecutor's question and the juror indicated that she was not influenced in any way and

had not prejudged defendant. Defense counsel's later motion to have the jury excused and for a mistrial based upon the prosecutor's question, although unsuccessful, effectively subjected the issue to County Court's review.

Defendant also faults defense counsel's inadvertent elicitation of evidence of uncharged crimes while cross-examining a 13-year-old friend of the victim. Defense counsel's effort to redeem the situation by demonstrating that the victim's complaints were excessively frequent, however, was consistent with the defense's strategy of discrediting the victim's reports of sexual contact. Similarly, defense counsel's election not to pose questions for the competency hearing of the victim's younger sister did not constitute ineffective assistance of counsel. County Court's voir dire of the child was extensive and showed that she understood the difference between the truth and a lie, and recalled the prior events. Further, although defense counsel failed to comply with County Court's directives concerning submission of proposed jury instructions and was chastised as a result, counsel did ultimately submit proposed instructions and defendant makes no claim that he was deprived of a fair trial due to an improper jury charge. On review, the record does not demonstrate that defendant was deprived of a fair trial by less than meaningful representation (*see, People v Benevento*, 91 NY2d 708, 712; *People v Wiggins*, 89 NY2d 872, 873; *People v Rivera*, 71 NY2d 705, 708-709).

Next, we find no merit in defendant's contention that County Court improperly precluded his counsel from questioning the victim about prior false or unproven claims of sexual contact with other persons. Prior to jury selection, defense counsel stated an intent to elicit testimony that the victim had made prior unrelated accusations of sexual contact, arguing that such testimony was relevant to her credibility. In the absence of a factual basis for believing that the prior unrelated complaints were indeed false, however, County Court properly exercised its discretion in precluding cross-examination on this issue (*see, People v Mandel*, 48 NY2d 952, 953, *cert denied, appeal dismissed* 446 US 949; *People v Sprague*, 200 AD2d 867, 868, *lv denied* 83 NY2d 877; *People v Passenger*, 175 AD2d 944, 946; *People v Hamel*, 174 AD2d 837).

Finally, we agree with County Court's findings that defendant knowingly, intelligently and voluntarily agreed to speak with an investigator after *Miranda* warnings were given, understood and waived by defendant (*see, People v White*, 261 AD2d 653, 654, *lv denied* 93 NY2d 1029).

Mercure, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.