■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRELL BYRD, Appellant. [765 NYS2d 354] —Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered April 15, 1999, convicting defendant, after a jury trial, of sodomy in the first degree, sexual abuse in the first degree and endangering the welfare of a child, and sentencing him to concurrent terms of 6 to 12 years, 1 year and 1 year, respectively, unanimously affirmed.

The verdict was not against the weight of evidence. There is no basis for disturbing the jury's determinations concerning credibility (see People v Gaimari, 176 NY 84, 94 [1903]). Contrary to defendant's contention, there is nothing in the record to suggest that the testimony of the victim or her younger sister was the product of coaching or manipulation. The credible testimony of the two girls was strongly supported by other evidence, including the semen found in the anal swab taken from the victim a few hours after the incident, and a detective's credible testimony establishing that defendant made voluntary and highly incriminating admissions.

Contrary to the trial court's determination, evidence of a victim's prior complaints of sexual assaults is not barred by the Rape Shield Law, which limits the admissibility of certain evidence of a victim's prior sexual conduct (see CPL 60.42; People v Mandel, 48 NY2d 952 [1979], cert denied 446 US 949 [1980]). Although the court's refusal to exercise its discretion in this regard with respect to the victim was error, we find the error to be harmless (see People v Crimmins, 36 NY2d 230 [1975]).

The court properly exercised its discretion in precluding in-

quiry into an allegation of prior sexual assault involving the victim's younger sister. There was no basis to conclude that the allegation was false or unfounded, that there was a pattern casting doubt on the validity of the instant charge, or that the prior allegation was otherwise material (*People v Mandel*, 48 NY2d at 953; *see also People v Grant*, 241 AD2d 340 [1997], *lv denied* 91 NY2d 873 [1997]). Furthermore, we find that none of the court's evidentiary rulings deprived defendant of his rights to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Andrias, Marlow and Gonzalez, JJ.