■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MASHAMA J. HILL, Appellant. [793 NYS2d 800]—

Appeal from a judgment of the Niagara County Court (Sara S. Sperrazza, J.), rendered May 8, 2002. The judgment convicted defendant, after a nonjury trial, of sexual abuse in the first degree and sexual abuse in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of sexual abuse in the first degree (Penal Law § 130.65 [1]) and sexual abuse in the second degree (§ 130.60 [2]). We reject defendant's contention that County Court erred in declaring a mistrial based on jury deadlock at defendant's first trial. A court may declare a mistrial if the jury has been deliberating for "an extensive period of time without agreeing upon a verdict" as long as "the court is satisfied that any such agreement is unlikely within a reasonable time" (CPL 310.60 [1] [a]; *see also* CPL 310.70 [1] [a]). Here, because there was a "manifest necessity" for a mistrial based upon the reported jury deadlock and the apparent fruitlessness of ordering further deliberations (*United States v Perez*, 9 Wheat [22 US] 579, 580), the court properly accepted a partial verdict and declared a mistrial with respect to the unresolved counts, and there was no violation of defendant's right not to be twice placed in jeopardy (*see People v Wincelowicz*, 258 AD2d 602, 603 [1999], *lv denied* 93 NY2d 930 [1999]; *People v Campbell*, 203 AD2d 127 [1994], *lv denied* 84 NY2d 823 [1994]; *see generally People v Baptiste*, 72 NY2d 356, 359-361 [1988]).

Evidence that the victim had made prior accusations of sexual molestation against other members of her family was properly excluded by the court. Defendant failed to establish that the prior accusations of sexual molestation "were false or suggestive of a pattern that casts doubt on the validity of, or bore a significant probative relation to, the instant charges" (*People v Sprague*, 200 AD2d 867, 868 [1994], *lv denied* 83 NY2d 877 [1994]; *see People v Gibson*, 2 AD3d 969, 972 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Byrd*, 309 AD2d 593, 594 [2003], *lv denied* 1 NY3d 625 [2004]; *People v Smith*, 281 AD2d 957, 958

[2001], *lv denied* 96 NY2d 868 [2001]; *see generally People v Mandel*, 48 NY2d 952, 953 [1979], *appeal dismissed and cert denied* 446 US 949, [1980] *reh denied* 448 US 908 [1980]).

We have considered the contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.