■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RUIZ, Appellant. [794 NYS2d 353]—

Judgment, Supreme Court, Bronx County (Ira R. Globerman, J.), rendered on or about December 17, 2002, convicting defen-

dant, after a jury trial, of course of sexual conduct against a child in the first and second degrees and two counts of endangering the welfare of a child, and sentencing him to an aggregate term of 20 years, unanimously affirmed.

The court properly exercised its discretion in imposing reasonable limits on defendant's elicitation of evidence on direct and cross-examination, and none of the court's evidentiary rulings deprived defendant of his rights to confront witnesses and present a defense (*see Crane v Kentucky*, 476 US 683, 689-690 [1986]; *Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]). The court properly precluded evidence that one of the victims had also been sexually abused by someone other than defendant, since there was no relevant connection between that incident and the charges against defendant (*see People v Mandel*, 48 NY2d 952, 953 [1979], *cert denied* 446 US 949 [1980]). Defendant's theory that this evidence, as well as other precluded evidence concerning the details of certain interconnected family relationships, tended to establish a motive for the child victims to give false testimony is remote and speculative (*see People v Thomas*, 46 NY2d 100, 105 [1978], *appeal dismissed* 444 US 891 [1979]). Furthermore, the court properly precluded cross-examination of the psychologist regarding gynecological matters beyond his expertise (*see People v Bellini*, 162 AD2d 693 [1990], *lv denied* 76 NY2d 937 [1990]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Gonzalez and Sweeny, JJ.