■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PARIS DRAKE, Appellant. [797 NYS2d 52]—

Judgment, Supreme Court, New York County (Laura Visitacion-Lewis, J.), rendered December 13, 2000, convicting

defendant, after a jury trial, of assault in the first degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 25 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490 [1987]). Issues of identification and credibility were properly considered by the jury and there is no basis for disturbing its determinations. The eyewitness testimony identifying defendant was corroborated by other proof, including evidence of defendant's actions and statements evincing a consciousness of guilt.

The court's charge, read as a whole (*see People v Fields*, 87 NY2d 821, 823 [1995]), properly instructed the jury on the use of expert testimony. The challenged portion of the charge, read in context, did no more than correctly warn the jury against permitting an expert witness to usurp the jury's fact-finding role (*see People v Brown*, 97 NY2d 500, 506 [2002]), and it could not have undermined the value of the expert testimony introduced by defendant.

The court properly exercised its discretion in denying defendant's request for an in camera review of a witness's confidential psychiatric records, and in precluding defendant from inquiring about the witness's psychiatric treatment, since the information before the court provided no reason to believe that these matters had any bearing on the witness's ability to make a reliable identification (*see People v Gissendanner*, 48 NY2d 543, 548-550 [1979]; *see also People v Mandel*, 48 NY2d 952, 954 [1979], *cert denied* 446 US 949 [1980]). Similarly, the court properly exercised its discretion in denying defendant's request to recall a witness for further cross-examination concerning a purported inconsistent statement, since the statement was completely irrelevant (*see People v Duncan*, 46 NY2d 74, 80 [1978], *cert denied* 442 US 910 [1979]). Defendant received a full opportunity to impeach each of these two witnesses, and in each situation there was no impairment of defendant's right to confront witnesses and present a defense (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]).

We perceive no basis for reducing the sentence.

We have considered and rejected defendant's remaining claims. Concur—Tom, J.P., Friedman, Gonzalez and Catterson, JJ.