■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BURTON JEFFREY HUNTER, Respondent. [838 NYS2d 221]—

Spain, J. Appeals (1) from an order of the County Court of Rensselaer County (McGrath, J.), entered December 7, 2005, granting defendant a hearing as to whether the People knowingly failed to disclose *Brady* material, and (2) from an order of said court, entered January 26, 2006, which granted defendant's motion pursuant to CPL 440.10 to vacate the judgment convicting him of the crime of sodomy in the first degree, without a hearing.

Defendant was indicted on charges of rape in the first degree, sodomy in the first degree, sexual abuse in the first degree and menacing in the third degree. The charges stemmed from an incident occurring on the even⸱ ₁g of December 9, 2001 at defendant's apartment in the City of Rensselaer, Rensselaer County, in which a girl, then a⸳e 17, alleged that defendant, age 33, who she had met that day, forcibly raped and sodomized her and later threatened her for reporting the incident to police. At trial, the complaina⸳ ⸳t testified to the foregoing, and her mother and others testified to her reports of being raped when she came home that night. Defe⸳ ⸳dant testified that the sexual encounter was consensual but denied that it involved sexual intercourse. The complainant's father testified for the defense that, on a previous occasion, she became angry when he refused to allow her to go out with friends and threatened to falsely accuse him of rape after he indicated that he would call police in an attempt to gain control of her, although she did not do so when police arrived.

After a November 2002 jury trial, defendant was convicted of sodomy in the first degree but acquitted on the other three counts. He was sentenced to a prison term of 25 years and filed a notice of appeal. In 2005, defendant moved pursuant to CPL 440.10 (f), (g) and (h) for an order vacating his judgment of conviction and ordering a new trial. As relevant here,[1] defendant's motion was premised upon the People's failure to disclose that in the month prior to defendant's trial, the complain-

---

1. Defendant also argued that prosecutorial misconduct occurred at trial in the form of coaching the complainant, requiring a new trial (*see* CPL 440.10 [f]), a claim rejected by County Court and not argued on appeal.

ant had accused another man, Delbert Parker, of rape in Schenectady County. Defendant argued that this constituted newly discovered evidence and *Brady* material which should have been disclosed to allow the defense to impeach the complainant's credibility at defendant's trial. The People argued that it did not qualify as *Brady* material because the falsity of that complaint was not shown given Parker's eventual (2003) guilty plea to attempted rape in the first degree in connection with that complaint.

By decision and order entered December 7, 2005, County Court concluded that the prior rape complaint constituted *Brady* material and ordered a hearing to determine whether the People had actual knowledge of that complaint and, if so, whether reversal and a new trial were required. The People thereafter stipulated to such actual knowledge. By order entered January 26, 2006, County Court granted defendant's motion to vacate the judgment of conviction and ordered a new trial. The court concluded that there was a reasonable probability that the People's nondisclosure of this *Brady* material altered the outcome of defendant's trial. The court reasoned that since the complainant offered the only direct testimony regarding the charges (i.e., forcible compulsion), her credibility was critical and was undermined at trial by several witnesses and, therefore, the court would have permitted the defense to cross-examine her for impeachment purposes regarding the Schenectady County complaint. The People now appeal from both orders.[2] This Court has granted defendant extensions of time on his direct appeal pending the outcome of the appeal related to this motion.

We agree with the People's contention on appeal that the information regarding the complainant's rape complaint in Schenectady County against a different man in the weeks prior to defendant's trial does not constitute *Brady* material which could be used at a retrial of the charges against defendant to impeach the complainant's credibility. We do not, however, condone the People's failure to disclose the material prior to or at defendant's trial.

The People, of course, are duty-bound to disclose to the defense evidence in their possession which is favorable and material to guilt or punishment (*see People v Scott*, 88 NY2d 888, 890 [1996]; *People v Bryce*, 88 NY2d 124, 128-129 [1996]; *People*

---

2. Although an appeal does not lie from the court's December 2005 order, which did not vacate a judgment (*see* CPL 450.20 [5]), such determination is properly before this Court as part of the People's appeal from the January 2006 order.

*v Rivette,* 20 AD3d 598, 601 [2005], *lv denied* 5 NY3d 809 [2005]). This disclosure duty extends to evidence affecting the credibility of prosecution witnesses "whose testimony may be determinative of guilt or innocence" (*People v Baxley,* 84 NY2d 208, 213 [1994]; *see People v Monroe,* 17 AD3d 863, 864 [2005]; *People v Sibadan,* 240 AD2d 30, 34 [1998], *lv denied* 92 NY2d 861 [1998]). Notably, while the Rape Shield Law (*see* CPL 60.42) limits evidence of a complainant's prior sexual *conduct,* it does not apply to a complainant's *complaint* of an unrelated sex crime which may be admissible for impeachment purposes, within the reviewable discretion of the trial court (*see People v Mandel,* 48 NY2d 952, 954 [1979], *appeal dismissed and cert denied* 446 US 949 [1980]; *People v Gibson,* 2 AD3d 969, 972 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Sprague,* 200 AD2d 867, 868 [1994], *lv denied* 83 NY2d 877 [1994]). However, in order for a complainant's unrelated complaint of sexual abuse by a third person to be relevant to his or her credibility and therefore admissible for impeachment purposes, defendant must demonstrate both (1) the falsity of the prior complaint, and (2) that the details of the complaints, the manner or circumstances of the temporal alleged conduct or the temporal proximity of the complaints were such as to "suggest a *pattern* casting substantial doubt on the validity of the charges made by the [complainant] in this instance or were such as otherwise to indicate a significant probative relation to such charges" (*People v Mandel, supra* at 953 [emphasis added]).

Appellate courts have repeatedly upheld trial court rulings precluding or limiting such impeachment where the defense failed to demonstrate either the falsity of the prior complaint or sufficient similarity between the complaints suggestive of a pattern of false complaints (*see People v Mandel, supra* at 954; *People v Ruiz,* 18 AD3d 220, 221 [2005], *lv denied* 5 NY3d 768 [2005]; *People v Hill,* 17 AD3d 1081, 1082-1083 [2005], *lv denied* 5 NY3d 806 [2005]; *People v Gibson, supra* at 972; *People v Byrd,* 309 AD2d 593, 593-594 [2003], *lv denied* 1 NY3d 625 [2004]; *People v O'Malley,* 282 AD2d 884, 885 [2001], *lv denied* 96 NY2d 866 [2001]; *People v Sherman,* 250 AD2d 873, 873 [1998]; *People v Rogowski,* 228 AD2d 728, 729 [1996]; *People v Sprague, supra* at 868; *People v Passenger,* 175 AD2d 944, 946 [1991]; *People v Hamel,* 174 AD2d 837, 837 [1991]). Likewise, if defendant makes the requisite showing, preclusion may constitute an abuse of discretion requiring a new trial (*see e.g. People v Bridgeland,* 19 AD3d 1122, 1123-1124 [2005]; *People v Harris,* 132 AD2d 940, 941 [1987]).

Here, Parker's 2003 guilty plea to attempted first degree rape

by forcible compulsion virtually eliminates defendant's ability to demonstrate the falsity of the complainant's rape complaint against Parker, a prerequisite to its use to impeach her credibility at trial or retrial (*see People v Passenger, supra* at 946 [*Alford* plea]). The defense's CPL 440.10 motion papers are devoid of any basis at all upon which a court could now conclude that the complainant's prior complaint against Parker was false, such as an affidavit from him—or anyone with personal knowledge—indicating the allegations were false, expressing his willingness to testify to their falsity at a hearing or trial, or even circumstances of the plea[3] indicative of their falsity. To the extent that defendant contends that the dispositive inquiry is the status of that complaint at the time of his trial in 2002 (prior to Parker's guilty plea), suffice it to say that the record is similarly lacking in any proof that defendant could have made even a good faith showing of the falsity of the complainant's then-pending allegations against Parker. Thus, any suggestion that the People's nondisclosure at trial prejudiced defendant's ability to prove falsity at trial, or later in advance of Parker's plea, is purely speculative and, in light of Parker's subsequent plea, meritless. Defendant failed to satisfy his burden of proof of an essential element on his motion (*see* CPL 440.30 [6]), which should have been denied.

Moreover, neither the complainant's complaint nor her own accounts of the incident were included in defendant's CPL 440.10 motion, rendering impossible a comparison of the particulars of her complaint against Parker and this one for purposes of determining whether they suggested a pattern casting substantial doubt on the validity of these charges (*see People v Mandel, supra* at 953; *People v Gibson, supra* at 972; *People v Sprague, supra* at 868). Providing Parker's account of that incident (or the detective's complaint) does not allow for comparison of the *complainant's* complaints and, in any event, Parker's account is contrary to his subsequent guilty plea to attempted forcible rape. Thus, the circumstances and similarity of the complaints and the complainant's relationships to the accused have not been established and were never conceded by the People. The temporal proximity of the complaints does not, by itself, demonstrate either falsity or a pattern.

Also unavailing is defendant's attempt to rely on the testimony of the complainant's father that she had threatened to

---

3. The fact that Parker received concurrent sentences for the attempted rape and an unrelated robbery to which he also pleaded guilty as part of a negotiated plea agreement does not, by itself, constitute a good faith basis for a finding regarding the falsity of that rape complaint.

falsely accuse him of rape. While that testimony may have[4] constituted relevant impeachment material with regard to the complainant's credibility, that prior threat against her father was not demonstrably similar to these charges (or to the complaint against Parker, to the extent reflected in this record)—which did not involve threats to *falsely* accuse—so as to establish a pattern suggestive of falsity here (*see People v Mandel, supra* at 953), or any "relevant connection" (*People v Ruiz, supra* at 221). Thus, notwithstanding the impeachment of the complainant's credibility at trial and defendant's acquittal as to three of the charges, he has not demonstrated on his motion to vacate the judgment of conviction that the complainant's prior unrelated complaint against Parker was favorable evidence, material to his guilt, which could be used to impeach the complainant's credibility at any retrial. Accordingly, his motion should have been denied.

Similarly, although County Court did not resolve this issue, we find that the information regarding the complainant's prior allegation of sexual abuse does not constitute newly discovered evidence (*see* CPL 440.10 [1] [g]). To fall under that category, the evidence, among other requirements, " 'must be such as will probably change the result if a new trial is granted' " (*People v Salemi*, 309 NY 208, 216 [1955], *cert denied* 350 US 950 [1956], quoting *People v Priori*, 164 NY 459, 472 [1900]; *see People v Tucker*, 40 AD3d 1213, 2007 NY Slip Op 04000 [2007]; *People v Richards*, 266 AD2d 714, 715 [1999], *lv denied* 94 NY2d 924 [2000]). In view of our conclusion that the evidence as tendered on defendant's motion to vacate would not have been admissible to impeach the complainant, by necessity we find it could not have had any impact on the verdict.

Finally, we agree with County Court's admonition that "there was no valid legal reason why the information should not have been disclosed prior to trial for *the court* to make a decision" (emphasis added). In our view, rather than unilaterally withholding the *then-arguably* admissible information, the better procedure would be for the prosecutor to disclose it (*see* CPL 240.20 [1] [h]; 240.90 [3] [permits in camera review]), permitting all sides to make an offer of proof or arguments regarding its admissibility to the trial court, and for the court to make a timely ruling, after a hearing, if necessary (*see e.g. People v Williams*, 7 NY3d 15, 19 [2006] [perjury investigations]; *People v Gibson*, 2 AD3d 969, 972 [2003], *supra*; *People v Sprague*, 200 AD2d 867, 868 [1994], *supra*).

---

**4.** As defendant's direct appeal is not before us, we refrain from deciding any trial-related issue not necessary to the disposition of defendant's CPL 440.10 motion.

Crew III, J.P., Carpinello, Mugglin and Kane, JJ., concur. Ordered that the appeal from the order entered December 7, 2005 is dismissed. Ordered that the order entered January 26, 2006 is reversed, on the law, motion denied and judgment of conviction reinstated.