■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN M. SULLIVAN, JR., Appellant. [839 NYS2d 256]—

Crew III, J.P. Appeal from a judgment of the County Court of Broome County (Mathews, J.), rendered May 19, 2006, upon a verdict convicting defendant of the crimes of endangering the welfare of a child and sexual abuse in the second degree.

Defendant was charged in a five-count indictment with three counts of rape in the second degree, sexual abuse in the second degree and endangering the welfare of a child, all arising out of sexual contact between the then 35-year-old defendant and then 14-year-old victim. Following a jury trial, defendant was found guilty of sexual abuse in the second degree and endangering the welfare of a child and was acquitted of the three counts of rape in the second degree. Defendant was sentenced to one year in the county jail for his conviction on each misdemeanor count, said sentences to run concurrently. Defendant now appeals.

Initially, defendant asserts that there was legally insufficient evidence to convict him of sexual abuse in the second degree and that the verdict is against the weight of the evidence. We disagree.

Specifically, defendant contends that there is no direct, specific evidence that he inserted his finger into the victim's vagina, the conduct expressly alleged to have constituted the sexual abuse. While defendant is technically correct in this assertion, his argument is of no avail. The victim, on direct examination, testified as follows with regard to the sexual abuse allegations:

"Q: What happened after you said that he was rubbing your hips and then—what did he do with his finger?

"A: He would—sometimes he would—when he would be rubbing my butt, he would bring his hands around to the front and play with my vagina.

"Q: Using his finger?

"A: Yeah. . . .

"Q: So what happened after he put his finger in your vagina?

"A: Then it got to where he would push me onto the couch and with his clothes on and with my clothes on he would just rub against me. . . .

"Q: Now, when he put his fingers in your vagina, were you normally sitting down or standing up?

"A: Standing up."

From that, it quite clearly appears that there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury (*see People v Mateo*, 2 NY3d 383, 409 [2004], *cert denied* 542 US 946 [2004]).

With regard to defendant's contention that the verdict is against the weight of the evidence, again we disagree. We have considered the evidence in a neutral light and have weighed the conflicting proof and inferences and, according due deference to the jury's obvious credibility determination in favor of the

victim, we find the verdict not to have been against the weight of the evidence.

We likewise reject defendant's contention that the verdict rendered here is legally inconsistent. We note first that defendant has failed to preserve this issue for appellate review (*see People v Reome*, 309 AD2d 1067, 1069 [2003], *lv denied* 2 NY3d 805 [2004]). Nevertheless, were we to consider the claim, we would find it unavailing, noting that the jury was free to credit or reject any portion of the victim's testimony, which they obviously did in rejecting the allegations of rape, but accepting those allegations constituting sexual abuse and endangering the welfare of a child (*see People v Bush*, 14 AD3d 804, 805 [2005], *lv denied* 4 NY3d 852 [2005]). We have considered defendant's remaining contentions and find them equally without merit.

Spain, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.