■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOWELL P. PEREAU, Appellant. [845 NYS2d 536]—

Peters, J. Appeal from a judgment of the County Court of Essex County (Catena, J.), rendered October 29, 2004, upon a verdict convicting defendant of the crimes of rape in the first degree (three counts), sodomy in the first degree (two counts), course of sexual conduct against a child in the first degree, sexual abuse in the first degree (three counts), unlawfully dealing with a child in the first degree and endangering the welfare of a child (two counts).

Pursuant to a multicount indictment, defendant was charged with several crimes which included three counts of rape in the first degree. Testimony at trial established that defendant, among other things, engaged in sexual intercourse with his girlfriend's nine-year-old daughter within their shared residence on three separate occasions. The victim's 16-year-old brother further testified that defendant dressed in women's clothing and provided him with alcohol, chewing tobacco and pornographic materials. Following a jury trial, defendant was convicted of three counts of rape in the first degree, two counts of sodomy in the first degree, one count of course of sexual conduct against a child in the first degree, three counts of sexual abuse in the first degree, one count of unlawfully dealing with a child in the first degree and two counts of endangering the welfare of a child. Defendant appeals and we affirm.

Initially, defendant contends that County Court erred in deny-

ing his request for a *Mapp* hearing. However, where, as here, a defendant fails to adequately raise a factual dispute regarding material issues, the court may decide the motion without a hearing (*see* CPL 710.60 [3]; *People v Bryant*, 8 NY3d 530, 533 [2007]; *People v Mendoza*, 82 NY2d 415, 427 [1993]). As defendant's initial motion was supported solely by his counsel's affirmation, the request for a hearing was appropriately denied. Even upon defendant's motion to reargue, he solely proffered his own affidavit which conclusively asserted, without factual support, that his girlfriend acted as an agent of the police. In light of the investigating officer's sworn statement that defendant's girlfriend, who owned the premises, voluntarily turned over the items sought to be suppressed, thereafter signing two consent forms, we find County Court to have properly decided defendant's motion without a hearing. Moreover, County Court instructed the jury that the items were to be considered only when addressing the charges of endangering the welfare of a child.

Nor did County Court err when it precluded evidence concerning a prior claim of sexual abuse by the victim. Defendant's reliance upon CPL 60.42 (5) is misplaced. The admissibility of evidence of a victim's prior complaint of a sex crime does not fall within the proscriptive scope of the statute, but rather within the discretion of the trial court (*see People v Mandel*, 48 NY2d 952, 954 [1979], *appeal dismissed and cert denied* 446 US 949 [1980]; *People v Gibson*, 2 AD3d 969, 972 [2003], *lv denied* 1 NY3d 627 [2004]; *People v Sprague*, 200 AD2d 867, 868 [1994], *lv denied* 83 NY2d 877 [1994]). Absent sufficient proof of the falsity of the victim's prior complaint and "a pattern casting substantial doubt on the validity of the charges made by the victim," we find no abuse of discretion (*People v Mandel*, 48 NY2d at 953; *see People v Frary*, 29 AD3d 1223, 1225 [2006], *lv denied* 7 NY3d 788 [2006]).

Furthermore, we reject defendant's claim that the expert testimony of Stephan Perkowski, a psychiatric social worker, concerning child sexual abuse accommodation syndrome (hereinafter CSAAS) was improper. It has long been settled that expert testimony regarding CSAAS is admissible to explain a victim's behavior that jurors might otherwise misunderstand or perceive as unusual, such as a child's failure to promptly report abuse (*see People v Carroll*, 95 NY2d 375, 387 [2000]; *People v Higgins*, 12 AD3d 775, 778 [2004], *lv denied* 4 NY3d 764 [2005]). Perkowski testified generally about CSAAS and in no way bolstered the testimony of the victim or attempted to prove that the charged crime occurred (*see People v Taylor*, 75 NY2d 277, 293 [1990]).

Nor do we find error in County Court's denial of defendant's application for a missing witness charge regarding the victim's mother. A missing witness charge is only appropriate where it is demonstrated that the People have failed to call a witness who is available and under their control, has knowledge of a material issue, and would naturally be expected to provide favorable, noncumulative testimony (*see People v Savinon*, 100 NY2d 192, 197 [2003]; *People v Vanhoesen*, 31 AD3d 805, 809 [2006]). With no testimony that the victim's mother was present at the time of the crimes or a proffer by defendant that she could testify favorably to a material issue not addressed by the victim or her 16-year-old brother, there was no basis for the assertion of a missing witness charge.

Moreover, despite defendant's contentions that the evidence was legally insufficient to support a conviction of rape in the first degree and, as to each count of that verdict, that it was against the weight of the evidence, we find that a rational trier of fact could have credited the nine-year-old victim's testimony and concluded that each element of first degree rape, including penetration, had been proven beyond a reasonable doubt (*see People v Carroll*, 95 NY2d at 382-383; *People v Sullivan*, 41 AD3d 967, 968 [2007], *lv denied* 9 NY3d 926 [2007]). The victim testified that defendant had penetrated her, confirming that his "pee-pee" was inside her "pee-pee" and that "it hurt," and the examining physician detailed physical signs of penetration. Viewing this evidence in a light most favorable to the People, a valid line of reasoning and permissible inferences exist to support the conclusions reached by the jury (*see People v Lynch*, 95 NY2d 243, 247 [2000]; *People v Haight*, 19 AD3d 714, 715 [2005], *lv denied* 5 NY3d 806 [2005]). Upon this evidence and our finding that there was no manifest error to undermine the jury's resolution of credibility issues against defendant (*see People v Johnson*, 24 AD3d 967, 968 [2005], *lv denied* 6 NY3d 814 [2006]), we conclude that the verdict was in agreement with the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]; *People v Sullivan*, 41 AD3d at 968-969).

Defendant's claim of ineffective assistance is also without merit. Counsel provided meaningful representation, which included attempting to negotiate a plea agreement, proffering several relevant pretrial motions and effectively cross-examining witnesses (*see People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Albanese*, 38 AD3d 1015, 1018-1019 [2007], *lv denied* 8 NY3d 981 [2007]).

Finally, addressing defendant's sentence, we find neither an abuse of discretion nor any extraordinary circumstances war-

ranting the exercise of our interest of justice jurisdiction (*see People v Riddick [SB]*, 40 AD3d 1259, 1261 [2007], *lv denied* 9 NY3d 925, 926 [2007]; *People v Carter*, 40 AD3d 1211, 1213 [2007], *lv denied* 9 NY3d 864 [2007]). Having examined and concluded that defendant's remaining contentions are without merit, we affirm.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.