■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD B. LANE, Appellant. [849 NYS2d 719]—

Spain, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett III, J.), rendered June 25, 2003, upon a verdict convicting defendant of the crimes of criminal sale of marihuana in the second degree, rape in the second degree and endangering the welfare of a child.

Following a jury trial, defendant was convicted of rape in the second degree, criminal sale of marihuana in the second degree and endangering the welfare of a child related to a then 13-year-old girl (hereinafter the victim). The victim testified at trial that in August 2001 while she was living with her 30-year-old aunt in Schoharie County, she met Harvey Cook and his friend, defendant. Cook began a relationship with the aunt and

moved into the aunt's apartment shortly thereafter, and the adults permitted the young victim to consume alcohol and smoke marihuana. The victim testified that on one weekend night in late September 2001, after drinking alcohol and smoking marihuana provided by defendant, the aunt and Cook went to bed, leaving her and defendant in the living room, where defendant subjected her to sexual intercourse. Although she told her aunt and Cook about the encounter the next day, it was not reported to police until December 2001 after she reported it to her mother. Upon his convictions, defendant was sentenced to an aggregate term of $3^1/_2$ to 7 years in prison. Defendant appeals.

Defendant's challenge to the verdict as against the weight of credible evidence, based upon inconsistencies in the testimony and lack of physical or other eyewitness testimony, is unconvincing. The inconsistencies in the victim's testimony, and with the aunt and Cook's testimony, concerned collateral matters and did not relate to the charged offenses, i.e., whether defendant provided the victim with marihuana and had sexual intercourse with the victim in September 2001 during an overnight stay at the aunt's house (*see People v Nowinski*, 36 AD3d 1082, 1084 [2007], *lv denied* 8 NY3d 989 [2007]; *People v Weber*, 25 AD3d 919, 921 [2006], *lv denied* 6 NY3d 839 [2006]). The victim's testimony on key matters was consistent, credible and corroborated by other witnesses, and uncontradicted by any other testimony. Cook testified that defendant admitted the next day that he had "had sex" with the victim, notwithstanding that—the night before—Cook had told defendant that she was only 13 years old and to stay away from her. Finding "nothing incredible or inherently unbelievable about [the victim's or other witnesses'] testimony, and . . . discern[ing] no basis upon which to disturb the jury's credibility assessment[s], made after hearing [the witnesses'] testimony and observing [their] demeanor" (*People v Weber*, 25 AD3d at 921; *see People v Nowinski*, 36 AD3d at 1084), we do not agree that the verdict was contrary to the weight of credible evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant also argues that the conviction of criminal sale of marihuana in the second degree was not supported by legally sufficient evidence because the drugs were unavailable for testing. However, the testimony of Cook and the aunt, both admitted long-term and frequent marihuana users who were present

when defendant gave[1] the marihuana to the victim and who also consumed it that night, demonstrated their substantial knowledge of marihuana and competence to identify it as such and was legally sufficient to support this charge (*see People v Christopher*, 161 AD2d 896, 897-898 [1990], *lv denied* 76 NY2d 786 [1990]; *see also People v Czarnowski*, 268 AD2d 701, 702 [2000]; *cf. People v O'Neill*, 285 AD2d 669, 671-672 [2001]). Thus, defendant's motion to dismiss at the close of proof was properly denied. We further find no error in County Court's grant of the People's motion during trial to amend the indictment to change the date in count 1[2]— criminal sale of marihuana—from "on or about September 29, 2001" to "on or about September 8, 2001" (*see* CPL 200.70 [1]). The victim had always maintained that the events occurred in September 2001,[3] defendant did not offer an alibi (*see People v Davis*, 21 AD3d 590, 592 [2005]), and the amendment did not alter the prosecution's theory or prejudice defendant in any discernible respect, merely conforming the date to the proof at trial, of which the prosecution had advised the defense in advance of trial (*see People v Alexander*, 37 AD3d 908, 909 [2007], *lv denied* 9 NY3d 839 [2007]).

Next, defendant contends that County Court deprived him of a fair trial when it precluded inquiry into the victim's prior alleged sexual intercourse with Cook in August and November 2001. Defendant was afforded an ample opportunity to make an offer of proof at trial (*see People v Williams*, 81 NY2d 303, 312, 313-314 [1993]), which was based upon a report of suspected child abuse and maltreatment and sworn statements of the victim, none of which is in the record on appeal. To the extent that the defense sought to introduce evidence of the then 13-year-old victim's prior *conduct*—which, if true, would at a minimum constitute another statutory rape of her—preclusion of such evidence under the Rape Shield Law (*see* CPL 60.42) was entirely proper, given that defendant failed to establish the applicability of any of the statutory exceptions and the court's rational conclusion that such evidence was not in any respect material to this prosecution or to the victim's credibility (*see People v Mann*, 41 AD3d 977, 978-979 [2007], *lv denied* 9 NY3d 924 [2007]; *People v Thompson*, 27 AD3d 888, 890 [2006], *lv*

---

1. Notably, sale includes giving to another person (*see* Penal Law § 220.00 [1]).

2. Defendant was acquitted of count 2, charging criminal sale of marihuana on September 22, 2001, amended to September 15, 2001.

3. As defendant did not include the grand jury minutes in the record on appeal, we are not able to consider whether the amendment varied from the evidence before the grand jury (*see People v Mayo*, 19 AD3d 710, 712 [2005]) which, in any event, defendant does not argue.

*denied* 6 NY3d 853 [2006]; *see also People v Williams*, 81 NY2d at 311-313). Indeed, we see no respect in which the victim's rape by another adult male who had access to her was in any way probative of *her* credibility in this prosecution.

Even if, as defendant seems to argue on appeal, his offer of proof should be viewed as an attempt to impeach the victim regarding her prior *complaints* of rape against Cook, which would not be precluded by the Rape Shield Law (*see People v Hunter*, 41 AD3d 885, 888 [2007], *lv granted* 9 NY3d 845 [2007]; *People v Gibson*, 2 AD3d 969, 972 [2003], *lv denied* 1 NY3d 627 [2004]), we discern no abuse of discretion (*see People v Mandel*, 48 NY2d 952, 954 [1979], *appeal dismissed and cert denied* 446 US 949 [1980]). Significantly, defendant offered nothing to demonstrate either the falsity of the prior complaint (Cook was, in fact, indicted) or that it was "suggestive of a pattern that cast doubt on the validity of, or bore a significant probative relation to, the instant charges" (*People v Sprague*, 200 AD2d 867, 868 [1994], *lv denied* 83 NY2d 877 [1994]; *see People v Mandel*, 48 NY2d at 953; *People v Mann*, 41 AD3d at 979 n; *People v Hunter*, 41 AD3d at 888).

To the extent that defendant sought to impeach *Cook's* credibility with evidence of his sexual misconduct with the victim, we see no abuse of discretion or error in its preclusion under the Rape Shield Law (*see People v White*, 261 AD2d 653, 655-656 [1999], *lv denied* 93 NY2d 1029 [1999]). In any event, the testimony of Cook and the aunt established that Cook moved out of the aunt's home and fled to Florida (with defendant) in December 2001 after these allegations surfaced; Cook testified that he was indicted for having sex with the victim and other crimes and eventually pleaded guilty to a reduced drug charge for which he was incarcerated at the time of this trial. The aunt also testified that the victim reported that Cook had sex with her. Thus, defendant had ample opportunity to impeach Cook's credibility with this information; we do not find that the court's decision not to require Cook to answer whether he in fact had sex with the victim constituted an abuse of discretion (*see People v Jones*, 24 AD3d 815, 816 [2005], *lv denied* 6 NY3d 777 [2006]).

Finally, rejecting defendant's claims to the contrary, we find that he was provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]) and has not shown that any particular pretrial motion would have been successful (*see People v Marcial*, 41 AD3d 1308, 1308 [2007], *lv denied* 9 NY3d 878 [2007]). Further, County Court struck an acceptable balance in its *Sandoval* ruling permitting inquiry into defendant's three prior felonies and four misdemeanors, all of which

reflected his willingness to put his needs above those of society, while precluding inquiry into five other crimes due to the danger of unfair prejudice (*see People v Boodrow*, 42 AD3d 582, 584-585 [2007]; *see also People v Hayes*, 97 NY2d 203, 207-208 [2002]).

Defendant's remaining claims are similarly without merit.

Cardona, P.J., Carpinello, Kane and Malone, JJ., concur. Ordered that the judgment is affirmed.