■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON McKNIGHT, Appellant. [864 NYS2d 224]—

Appeal from a judgment of the Monroe County Court (Patricia D. Marks, J.), rendered November 18, 2002. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree (two counts).

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a jury trial of two counts of course of sexual conduct against a child in the first degree (Penal Law § 130.75 [1] [a]). Defendant contends that County Court erred in prohibiting him from cross-examining the two male victims concerning alleged prior false allegations of sexual abuse, inasmuch as confidential reports establish that such allegations were indeed made. We reject defendant's contention. Based on our review of the confidential reports, we conclude that there is insufficient proof in those reports to establish that the two male victims made any prior allegations that " 'were false or suggestive of a pattern that casts doubt on the validity of, or bore a significant probative relation to, the instant charges' " (*People v Hill*, 17 AD3d 1081, 1082 [2005], *lv denied* 5 NY3d 806 [2005]; *see People v Mandel*, 48 NY2d 952, 953 [1979], *appeal dismissed and cert denied* 446 US 949 [1980], *reh denied* 448 US 908 [1980]; *cf. People v Bridgeland*, 19 AD3d 1122, 1123-1124 [2005]).

Defendant further contends that reversal is warranted because the court failed to instruct the jury at the outset of the trial that defendant had a constitutional right not to testify. Although defense counsel requested that instruction (*see* CPL 300.10 [2]), he did so after the People's opening statement and thus the request was untimely (*see* CPL 270.40). In denying the request, the court stated that it would give the instruction at the conclusion of the case, if requested to do so, and we conclude that "the court's decision to wait until after summations to deliver the instruction was not erroneous" (*People v Rescigno,*

152 AD2d 853, 854 [1989], *lv denied* 74 NY2d 851 [1989]; *see also People v La Mountain,* 155 AD2d 717, 720 [1989], *lv denied* 75 NY2d 814 [1990]; *cf. People v Jeffries,* 129 AD2d 962 [1987]). To the extent that defendant contends that he was denied effective assistance of counsel when defense counsel advised him to testify as a result of the court's failure to give the instruction in question at the outset of the trial, that contention "involves matters outside the record on appeal, and thus the proper procedural vehicle for raising that [contention] is by way of a motion pursuant to CPL 440.10" (*People v Wilson,* 49 AD3d 1224, 1225 [2008]; *see People v Hall,* 50 AD3d 1467, 1469 [2008]; *People v Kester,* 45 AD3d 1355, 1356 [2007], *lv denied* 10 NY3d 767 [2008]).

Defendant failed to preserve for our review his contention that the court erred in failing to admonish the jury with respect to its functions, duties and conduct each time the court adjourned the trial (*see e.g. People v Williams,* 46 AD3d 585 [2007], *lv denied* 10 NY3d 772 [2008]; *People v Dashnaw,* 37 AD3d 860, 862 [2007], *lv denied* 8 NY3d 945 [2007]; *People v Smith,* 35 AD3d 635 [2006], *lv denied* 8 NY3d 927 [2007], *reconsideration denied* 9 NY3d 851 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Finally, we conclude that defendant was not denied a fair trial by the cumulative effect of the alleged errors and that the sentence is not unduly harsh or severe. Present—Martoche, J.P., Smith, Lunn, Pine and Gorski, JJ.