People v Heffner (2021 NY Slip Op 03754)





People v Heffner


2021 NY Slip Op 03754


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


593 KA 18-01633

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICKEY T. HEFFNER, JR., DEFENDANT-APPELLANT. 






RAYMOND P. KOT, II, WILLIAMSVILLE, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Steuben County Court (Patrick F. McAllister, A.J.), rendered March 22, 2018. The judgment convicted defendant upon a nonjury verdict of attempted rape in the first degree and criminal sexual act in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury trial of attempted rape in the first degree (Penal Law §§ 110.00, 130.35 [1]) and criminal sexual act in the first degree
(§ 130.50 [1]). We affirm. Defendant's contention that the evidence is legally insufficient to support the conviction is unpreserved because he did not renew his motion for a trial order of dismissal at the close of his case (see People v Hines, 97 NY2d 56, 61 [2001], rearg denied 97 NY2d 678 [2001]; People v Morris, 126 AD3d 1370, 1371 [4th Dept 2015], lv denied 26 NY3d 932 [2015]).
We reject defendant's contention that the verdict is against the weight of the evidence. Viewing the evidence in light of the elements of the crimes in this nonjury trial (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict convicting defendant of attempted rape in the first degree and criminal sexual act in the first degree is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]; People v Nicholas, 130 AD3d 1314, 1315-1316 [3d Dept 2015]). We reject defendant's contention that the victim's trial testimony was incredible as a matter of law (see People v Lostumbo, 182 AD3d 1007, 1008 [4th Dept 2020], lv denied 35 NY3d 1046 [2020]). Her testimony merely "presented issues of credibility for the factfinder to resolve" (People v Williams, 179 AD3d 1502, 1503 [4th Dept 2020], lv denied 35 NY3d 995 [2020]), and we see no reason to disturb County Court's credibility determinations.
Defendant contends that the court abused its discretion in prohibiting him from cross-examining the victim concerning alleged prior false allegations of sexual abuse against another family member. We reject that contention inasmuch as there is insufficient proof to establish that the prior allegations "were false or suggestive of a pattern that casts doubt on the validity of, or bore a significant probative relation to, the instant charges" (People v McKnight, 55 AD3d 1315, 1316 [4th Dept 2008], lv denied 11 NY3d 927 [2009] [internal quotation marks omitted]; see People v Hill, 17 AD3d 1081, 1082 [4th Dept 2005], lv denied 5 NY3d 806 [2005]).
Finally, we have considered defendant's remaining contention and conclude that it does not require reversal or modification of the judgment.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court